In re the MARRIAGE OF Christie Ann SMITH and Charles Patrick Smith.

Upon the Petition of Christie Ann Smith, Petitioner-Appellee,

and Concerning Charles Patrick Smith, Respondent-Appellant.

No. 83–433.

Court of Appeals of Iowa.

May 22, 1984.

Lawrence F. Scalise and Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for respondent-appellant.

L. Don Snow of Mershon, Snow, Knock & Moothart, Cedar Falls, for petitioner-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

The respondent-husband appeals from a dissolution decree, challenging various economic provisions. We affirm in part and reverse in part.

The parties were married in 1961. They are the parents of two children. One of their children is an adult and a college student. The other child was seventeen years old at trial time and planned to attend college soon; the custody of this child is not contested.

Both parties are in their early forties. Christie is a cashier clerk earning approximately $24,000 per year. She has also been trained as a licensed practical nurse. Charles formerly operated an auto parts store. Since about 1977 he has been a real estate salesperson. He has also built and sold four houses in recent years; he claims to have taken a substantial loss on the most recent of these sales. Charles indicated his income was comparable to Christie's.

The trial court directed each party to pay half of the tuition and book expenses for the child currently in college and also for the younger child if he attends college. Neither party was awarded alimony.

The parties' primary asset was a house valued at $80,000 to $90,000 but subject to an encumbrance of about $64,000. Other substantial assets included three diamonds valued at over $11,000 and a piano valued at about $1000. The trial court directed that the house, diamonds, and piano be sold. The court directed that the sale proceeds be applied toward various debts of the parties.

Our review is de novo. We have a duty to examine the entire record and adjudicate rights anew on the issues properly presented. In so doing we give weight to, but are not bound by, the findings of the trial court. Each case is determined on its own facts. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981).

Charles contends the trial court erred in its division of the property of the parties to this action. The criteria to be used in this determination are familiar and we will not set them out now. *See* Iowa Code § 598.-21(1).

■ Charles's first argument is that the order of the court to sell the house and diamonds was erroneous. We disagree. The evidence revealed that it was not necessary to maintain the house for the benefit of the children. The house had little equity and the parties had substantial encumbances that needed to be paid. Furthermore, neither party seemed to want the house. Therefore, we see no error in the trial court's decision to order those assets sold in hopes of paying off some of the parties' indebtedness.

■ Charles's second argument is that if Christie is allowed to live in the house until the time of its sale, she should be responsible for the house payments, utility payments and general upkeep. We agree that if Christie were not living in the house, she would have to rent an apartment. Charles pays $220 a month for rent. We see no reason why Christie cannot also pay that amount. However, the house payment is $682 a month, $462 a month more than what Charles pays for rent. Since the house payments inure to the benefit of both parties, we find it to be equitable that each party assume payment of $231 a month (one-half of $462) in addition to what he or she is or would be paying for rent. These extra payments will go toward making monthly house payments. Should Christie occupy the house, she should also be liable for her own utilities.

■ Charles's third argument is that the court erred when it ordered each parent to pay one-half of the tuition and books needed by their children while in college, but made no provision for room and board for the children. Christie believes the younger child should apply for student loans to cover the majority of his living expenses, as the older child has done. We find it to be proper to order each parent to pay one-third of both children's books, tuition, room and board and let the child pay for the other one-third. As such, it is within the children's discretion whether to obtain student loans to cover his or her share of the expenses. (*See* Iowa Code section 598.1(2) and *In re Marriage of Vrban*, 293 N.W.2d 198, 203 (Iowa 1980), for factors to be considered in obligating divorced parents to support a child while attaining a higher education).

■ Charles, next, contends that the trial court erred in awarding the 1978 Grand Prix to Christie but requiring Charles to pay the indebtedness on it. The evidence indicates that Christie had the car loan paid off. Presently, the car is being used as collateral on a $5000 loan Christie made so that Charles could pay off various debts. It appears that Christie has reduced the debt to almost one-half. Any loans obtained prior to the separation of the parties are considered part of a joint effort benefitting both parties. Accordingly, we find that whatever amount was left owing at the time of separation is to be divided equally between the parties, and each party is to assume his or her half of the remaining indebtedness.

■ Charles submits he should not be made to pay the $500 Christie borrowed from his parents to make a house payment. We agree. Whatever money Christie had to borrow in order to make house payments must be considered her debt. The fairness of this is resolved by our previous division of the costs involved in making the house payment noted earlier in this opinion.

■ Charles further contends that the court erred by failing to order Christie to pay him for items of value which she apparently sold. Charles testified that the value of the items was $6000. His evidence was the only evidence submitted on that issue. The items are not now available for a proper expert estimate. There is also a question as to whether these items were owned solely by Charles or as joint property with Christie. What evidence is available indicates Christie received $1250.00 for some portion of the items sold. Under the circumstances presented here where the record on this issue is sparse, at best, we find it proper to divide the $1250.00 proceeds equally between the parties. Since Christie kept the entire amount, we order her to pay Charles $625.00 for his one-half.

Charles believes that the trial court erred in its division of the rest of the liabilities. The evidence indicates that the parties separated sometime in December of 1981. We find that each of the parties should pay one-half of the indebtedness existing up until the date of separation. From that date on, each party is to pay the indebtedness which that party had respectively incurred.

■ Lastly, Charles submits he should be allowed to keep his $4000 commission, or at least one-half of it. The evidence indicates that even though the commission was paid after the parties separated, the commission was made as a result of a real estate venture pursued by both parties. Therefore, we find that Christie is entitled to $2000.

For the foregoing reasons, we reverse that portion of the trial court's ruling concerning: (1) the terms on which Christie continues to reside in the home; (2) the education of the children; (3) the $500 loan from Charles's parents; (4) the sale of the items of value; and (5) the $4000 commission with instructions to change the decree according to this opinion. We affirm the other parts of the trial court's ruling.

AFFIRMED IN PART: REVERSED IN PART.