Dale A. HARDING, M.D., Appellee,

v.

B.V. WILLIE, Appellant.

No. 89–600.

Court of Appeals of Iowa.

April 24, 1990.

Richard E. Bordwell of Brinton & Bordwell, Robert B. Kay, Clarion, for appellant.

Douglas R. Oelschlaeger of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ. SACKETT, J., takes no part.

SCHLEGEL, Judge.

Willie appeals a district court judgment awarding the appellee $29,155.79 for breach of a contract to buy a house. We reverse and remand.

Harding is the owner of a home in Eagle Grove. Prior to January 10, 1987, Harding listed the real estate for sale. On January 3, 1987, Willie and his wife inspected the home for the purpose of a possible purchase or rental. Willie, an attorney, and Harding, a doctor, have been friends for many years. Willie noticed a crack in the ceiling and inquired about it to Harding. Harding informed Willie that there had previously been a water leakage problem in that area but that it had been fixed in 1985 and had not leaked since.

On January 12, 1987, Willie made an offer on the house which was accepted the next day. Earnest money in the amount of $5,000 was paid, with the contract balance of $85,000 due on March 1, 1987.

On March 1, 1987, Willie went to the residence to make a final inspection before closing on March 2, 1987. At that time, Willie observed water leaking through a crack in the ceiling and in the garage. On March 2, the scheduled closing date, Willie informed the real estate agent that he was rescinding the contract because of the leaks. Harding subsequently rented the property to another party.

In August 1987, Harding filed a petition at law seeking specific performance of the contract or money damages for breach of contract. Willie asserted the affirmative defense of fraud in the inducement and sought recovery of the earnest money. Following trial, the district court entered judgment against Willie for $29,155.79, plus interest and court costs. Willie has filed this appeal. On appeal, Willie claims that the case should be reviewed de novo as it was tried to the court in equity. Harding disputes this contention.

Initially, we consider the proper scope of review. The essential character of a cause of action and the relief it seeks, as shown by the complaint, determine whether an action is at law or equity. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa App. 1979). Plaintiff filed his petition at law. However, the case was apparently tried in equity. The attorneys were under this assumption and the equitable remedy of specific performance and the defense of rescission were raised. *See Grandon v. Ellingson*, 259 Iowa 514, 518–20, 144 N.W.2d 898, 901–02 (1966). In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Appellant contends the contract was void due to a mutual mistake of fact or fraud on the part of the appellee. A mistake of fact is one of the fundamental grounds of equitable relief, and that, if an agreement is entered into by mutual mistake between two parties as to their relative and respective rights, either is entitled to have it set aside. *Bach v. Interurban Ry. Co.*, 171 N.W. 723, 727, modified 174 N.W. 333 (Iowa 1919). Where there is a material mutual mistake made by the parties in respect to the subject-matter of a contract, the result is that in contemplation of law there is no contract, because the minds of the parties do not meet. *Id.* Under the doctrine of mutual mistake, the mistake must be both "mutual" and "material." *Wilden Clinic, Inc. v. City of Des Moines*, 229 N.W.2d 286, 290 (Iowa 1975).

There is no question that either a mutual mistake occurred or there was fraud on the part of Mr. Harding. Upon his examination of the home, the appellant noticed the crack in the ceiling and inquired about it. The appellee, at the very least, stated that while there had been a leak in the past, the leak was repaired. There is evidence that he stated there was "absolutely no problem" with the roof. Regardless of how he said it, the appellee either knew the roof still leaked, which would be fraud, or thought the roof was repaired and did not leak, which leads to a mutual mistake of fact. There does not seem to be any evidence of fraud on the part of the appellee. The roof was fixed. The parties were friends. The appellee had the roof fixed again as quickly as possible. However, both parties were under the assumption that the roof would not leak. The appellee was mistaken because he had the roof repaired and expected those repairs to last. The appellant was mistaken due to the representations made by the appellee/seller.

It is also clear that appellant reasonably relied on the representations of the seller. They were friends, and while there is no evidence that a fiduciary relationship existed as claimed by the appellant, enough of a relationship existed to make trusting the other's statements a reasonable action. It is true the appellant was an attorney. But even an attorney who might be aware an investigation is a good idea can still rely on the statements of a friend, at least concerning his personal business transactions. Once the appellant saw the crack, he did investigate. He asked the seller the condition of the crack. Further investigation might have been undertaken, but it would have only led to the contractor who fixed the roof, who probably would have said, "the roof is still good, I fixed it." The appellant could not have obtained any further knowledge than the seller possessed. The appellant did not fail to exercise ordinary care and prudence in this business transaction.

Appellee claims that the mutual mistake was not material, due to the relatively low cost of repairing the leak. The contract in this instance was for the purchase of a home. A home is often considered a necessity because shelter is a necessity. A contract is entered into based on the assumption that the home will provide shelter. A leak in the roof is certainly a material consideration. We hold that a mutual mistake of a material fact existed and therefore the minds of the parties did not meet. No contract was ever made. The judgment entered by the trial court is set aside. Judgment should be entered in favor of Willie for the amount of the earnest money paid, plus interest. The case is remanded to the trial court for entry of judgment in conformity with this opinion. Costs of the appeal are taxed to Harding.

The cross-appeal by the appellee is without merit. As stated earlier there is no evidence of fraud and therefore no basis for exemplary damages.

REVERSED AND REMANDED.