William G. WOLF, Appellee,

v.

DaCOM, INC., f/k/a Sioux Valley Communications, Appellant.

No. 91–1938.

Court of Appeals of Iowa.

Feb. 23, 1993.

Jeffrey A. Silver, Omaha, and Jon McCright of Fisher, Ehrhart, McCright & Turner, Cedar Rapids, for appellant.

Timothy S. Bottaro of Rawlings, Nieland, Probasco, Killinger, Ellwanger, Jacobs & Mohrhauser, Sioux City, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

The defendant, DaCom, Inc., (DaCom) appeals from a judgment of the district court in favor of the plaintiff, William Wolf, for past due commissions, personal merchandise sold, past due wages, and vacation pay following Wolf's leaving the company.

The sole owner of DaCom had been David Kollars. In April 1989, Kollars hired William Wolf to serve as the sales manager for the company. The parties agreed Wolf would receive salary plus commission, two weeks vacation, a company car, and insurance benefits. DaCom was incorporated in July 1989. (At the time of trial, Kollars and his wife were the sole shareholders of DaCom.)

For the next year, Wolf and Kollars had several discussions regarding the establishment of commission schedules. However, no schedule was placed into effect until April 1990, and Wolf was never paid for commissions earned in 1989. On December 31, 1989, DaCom entered into an agreement with Strategic Staff Management (Strategic). Strategic was to perform administrative functions such as handling payroll, workers' compensation, workers' compensation taxes, state taxes, and employee insurance benefits. Strategic would receive a fee for its services. Strategic was entirely funded by DaCom as all monies for wages, insurance, vacation benefits, sick leave, and 401K plans were paid by DaCom. Kollars, in his capacity as president of DaCom, continued to control decisions regarding hiring, firing, and setting compensation.

In March 1990, Wolf signed a confidentiality agreement with DaCom. Strategic was not named as the employer. Wolf terminated his employment with DaCom in June 1990. Wolf filed the present action in August 1990 seeking damages of $2475.00 for unpaid commissions from 1989 and 1990; $172.42 for unpaid reimbursement of travel expenses; $1525.92 for unpaid wages, vacation, and sick leave; and $3721.00 for merchandise he brought into the company. DaCom filed a counterclaim of $2200.00 for a computer Wolf took with him when he left.

Following a nonjury trial, the district court found DaCom was the actual employer of Wolf through June 1990. The court ordered DaCom to pay Wolf all the monies requested, except for the payment of sick leave. The court also found Wolf liable to DaCom for the cost of the computer in his possession. The court awarded Wolf attorney fees and reserved judgment pending evidence of attorney fees. In November 1991, Wolf was awarded $4591.00 in attorney fees, and judgment was entered. DaCom now appeals.

DaCom contends Wolf was not entitled to recover under the Iowa Wage Payment Collection Law because DaCom was not his employer. He further contends Wolf's petition did not provide fair notice of his claim for payment of merchandise. Finally, DaCom challenges the district court's award of attorney fees. On our review, we affirm the judgment of the district court.

**I.  Scope of Review.** Initially, we consider the proper scope of review. On appeal, DaCom contends the case should be reviewed de novo. Wolf disputes this contention.

■■■ The essential character of a cause of action and the relief it seeks, as shown by the complaint, determine whether an action is at law or equity. *Harding v. Willie,* 458 N.W.2d 612, 613 (Iowa App. 1990) (citing *Mosebach v. Blythe,* 282 N.W.2d 755, 758 (Iowa App.1979)). Generally, an action on a contract is treated as one at law. *Mosebach,* 282 N.W.2d at 758. Here, Wolf seeks relief from an employ-

ment agreement between him and DaCom. His action is clearly at law.

Therefore, our scope of review is for the correction of errors of law. Iowa R.App.P. 4. Findings of facts in a law action are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We construe the trial court's findings broadly and liberally. *Grinnell Mut. Reins. Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988). In case of doubt or ambiguity we construe the findings to uphold, rather than defeat, the district court judgment. *Id.* We are prohibited from weighing the evidence or the credibility of the witnesses. *Id.*

**II.  DaCom's Liability under the Iowa Wage Payment Collection Act.** DaCom first contends Wolf is not entitled to recover under the Iowa Wage Payment Collection Act because DaCom was not his employer.

Wolf's claims for unpaid wages and unpaid commissions are controlled in part by the Iowa Wage Payment Collection Act (Iowa Code chapter 91A). Under Iowa Code section 91A.2(2) (1991), an employer is defined as a person who "employs for wages a natural person." "Wages" is defined as compensation owed by an employer for "labor or services rendered by an employee." Iowa Code § 91A.2(4)(a) (1991). DaCom relies upon several rulings which, in the context of the Internal Revenue Code, define an "employer" as the person who actually pays the wages.

■■■ In the context of workers' compensation, our supreme court has considered the factors relevant in determining whether an employer-employee relationship exists under chapter 91A. Factors to be considered include:

> (1) the right of selection, or to employ at will, (2) responsibility for the payment of wages by the employer, (3) the right to discharge or terminate the relationship, (4) the right to control the work, and (5) identity of the employer as the authority in charge of the work or for whose benefit the work is performed.

*Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 505 (Iowa 1981) (citation omitted). *See Jones v. Sheller–Globe Corp.,*

487 N.W.2d 88, 91 (Iowa App.1992). In addition, the intention of the parties as to the relationship they are creating should also be considered. *Caterpillar Tractor,* 313 N.W.2d at 505. In general, the court looks to who has the "right of control." *Miller v. Component Homes, Inc.* 356 N.W.2d 213, 216–17 (Iowa 1984). Here, the identity of the employer, and not the employee, is at issue. Nevertheless, the above case law provides much guidance in determining whether DaCom was an "employer" under chapter 91A.

■ DaCom contends its employees were terminated and then immediately rehired by Strategic on January 1, 1990. However, the employees of DaCom were never informed they had been terminated by DaCom and rehired by Strategic. While Strategic handled the payroll and other employee benefits, we find DaCom never abdicated its role as the actual employer.

Kollars, in his capacity as the president of DaCom, testified Strategic performed only administrative functions. Kollars retained the right to make decisions regarding hiring, firing, and setting compensation. Further, all monies for workers' compensation insurance, compensation, vacation benefits, sick leave, and employer contributions for 401K plans were paid by DaCom. Kollars testified that if DaCom did not put money into the account from which Strategic drew to pay employees, Strategic would not pay the employees.

We also note the language found in the March 22, 1990 confidentiality agreement. In this agreement, DaCom is referred to as "Company," and Wolf is referred to as "Employee." The agreement states, in relevant part: "WHEREAS, Employee is *employed by the company* in a capacity in which Employee may become acquainted with such information and may in fact contribute thereto ..." (emphasis added). Strategic is mentioned nowhere in this document which was executed almost four months after Strategic allegedly rehired the DaCom employees.

DaCom retained the right of control over all major decisions made regarding its employees. There is no evidence Strategic and the employees, including Wolf, ever intended to create an employer-employee relationship. The fact Strategic issued the paychecks is not at all controlling. We will not allow DaCom to hide behind Strategic and avoid liability for Wolf's claims. We agree DaCom's contention that Wolf has sued the wrong party is without merit.

**III.** *Notice of Wolf's Claim for Payment of Merchandise.* DaCom next contends Wolf failed to plead a theory of recovery in his claim for reimbursement for the goods he placed into DaCom's inventory. Therefore, DaCom contends this claim should be dismissed.

■ Under Iowa Rule of Civil Procedure 69 a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "the pleader is not required to allege a legal theory or to spell out the elements of a cause of action as in a common law pleading." *Haugland v. Schmidt,* 349 N.W.2d 121, 123 (Iowa 1984). The pleading is sufficient if it informs the opposing party as to " 'the incident out of which the claim arose and the general nature of the action.' " *Id.* (quoting *Northwestern Nat'l Bank v. Metro Ctr., Inc.,* 303 N.W.2d 395, 401 (Iowa 1981)).

Paragraph 9 of Wolf's petition states:

9. When plaintiff began work for defendant he brought with him a number of items that were put into defendant's inventory and for which plaintiff has never been reimbursed. These items which consist of radios and their accessories total Three thousand seven hundred twenty-one dollars ($3,721.00).

The above language clearly was sufficient to inform DaCom of the nature of Wolf's claim. The district court did not err in determining Wolf had plead a sufficient claim.

**IV.** *Attorney Fees.* DaCom contends Wolf is not entitled to attorney fees because DaCom is not liable under the Iowa Wage Payment Collection Act.

■ Iowa Code section 91A.8 (1991) states:

When it has been shown that an employer has intentionally failed to pay an employee wage or reimburse expenses pursuant to section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and *any attorney fees incurred in recovering the unpaid wages* and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

(Emphasis added.)

Determination of attorney fees is a matter entrusted to the discretion of the district court. *Bremicker v. MCI Telecommunications Corp.*, 420 N.W.2d 427, 428 (Iowa 1988). DaCom's only contention on appeal is that attorney fees should not have been assessed because DaCom is not liable under the Iowa Wage Payment Collection Act. We have found DaCom is liable under this act. Therefore, we find no abuse of discretion.

In his brief, Wolf requests appellate attorney fees. However, we are unable to find in either the record or Wolf's brief a certificate of the amount of those fees. Therefore, we decline to grant the request.

The costs of this appeal are taxed to DaCom.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**