**In re the MARRIAGE OF William F. HALBACH and Paula Ann Halbach.**

**Upon the Petition of William F. Halbach, Petitioner–Appellant,**

**And Concerning Paula Ann Halbach, Respondent–Appellee.**

No. 92–691.

Court of Appeals of Iowa.

Sept. 2, 1993.

James R. Cook, Des Moines, for petitioner-appellant.

Susan L. Ekstrom, Des Moines, for respondent-appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Petitioner-appellant William F. Halbach appeals after the trial court refused to modify the alimony and child support provisions of his dissolution decree. We affirm as modified.

The twenty-year marriage of William and respondent-appellee Paula Ann Halbach was dissolved in 1988. Physical care of the parties' sons, who were seventeen and nine at the time of the dissolution, was awarded to Paula. William was ordered to pay Paula alimony of $150 per month until she died, remarried or cohabited with a male other than her children or until the youngest child was twenty-two or no longer a full-time student. William was also ordered to pay child support of $350 per month per child and the support was to continue until age twenty-two as long as the child remained a full-time student.

William filed the application for modification contending the alimony should terminate and the child support should be decreased. He alleged Paula's financial picture had improved because of an increased salary and a substantial inheritance. The trial court denied the modification finding Paula's inheritance was not related to the issue of child support and the alimony provisions of the decree were to offset the property award made at the time of the dissolution.

William first contends the alimony should have been terminated. At the time of the dissolution, William had earnings before deductions for taxes of about $35,000 and Paula had earnings before taxes of about $18,000. Paula's income has been increased by a raise from her employer to $23,000 and, additionally, she now has investment income of about $6,000 a year as a result of her inheritance. William now earns about $42,000 before taxes. Since the dissolution, Paula's net worth has been substantially increased by an inheritance from her mother and a gift from her stepfather. She has spent some of the money but, at time of trial, had accumulated about $75,000 from this inheritance and gifts

that she did not have at the time the marriage was dissolved.

William contends we should look at the increase in her assets and modify the dissolution decree. The trial court disposed of the issue by concluding the alimony was a part of a property settlement and apparently not modifiable. We disagree. The alimony clearly was traditional alimony. *See In re Marriage of Grauer*, 478 N.W.2d 83, 85–86 (Iowa App.1991). The alimony clearly is modifiable. Inherited and gifted property can be considered in assessing the need for alimony. *See In re Marriage of Voss*, 396 N.W.2d 801, 804 (Iowa App.1986). We agree with William that due to Paula's enhanced financial circumstances his obligation for alimony should terminate and we modify the trial court decree and order William's alimony obligation terminate as of February 21, 1992, the date of the filing of the trial court decree refusing modification of alimony.

The next question is whether William's child support obligation should be decreased. As a result of her inheritance, Paula's net income has increased. Paula's income and William's income are the primary factors we consider in assessing whether there should be a decrease in child support. William is of the opinion he should not be paying child support for his older child who is now in college but rather should be paying a pro rata share of the child's expenses at the University of Iowa. We recognize in a number of cases we have ordered support for a child of college age should be paid according to such a formula. *See In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App.1984); *In re Marriage of Smith*, 351 N.W.2d 541, 543 (Iowa App.1984). However, these were cases where the issue of college expenses was being decided in the original decree. This is a modification, not an appeal from the original decree. We will not disturb the method fixed for William to pay college expenses in the original decree. We affirm the trial court on this issue.

William's last argument is his support for his younger child should be decreased because it exceeds the obligation he would have under the child support guidelines.

William's income has increased. He has not shown a justifiable reason for modification of child support, therefore, we disagree with his argument on this issue.

Costs on appeal are taxed one-half to each party. Paula and William shall pay their own attorney fees on appeal.

**AFFIRMED AS MODIFIED.**