Mildred E. CHRISTENSON, Appellee,

v.

Andrew C. CHRISTENSON, Appellant.

No. 90–1362.

Supreme Court of Iowa.

July 17, 1991.

Roger J. Hudson and Michael E. Marshall of Smith, Schneider, Stiles, Mumford, Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for appellant.

Patricia A. Shoff, Jo Ellen Whitney, and Sharon Malheiro of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

PER CURIAM.

Mildred Christenson and Andrew Christenson were married for over thirty years. The marriage was dissolved in 1989.

In 1990 Mildred filed the present petition against Andrew under Iowa Code chapter 236, the Domestic Abuse Act. Mildred alleged that since the marriage dissolution Andrew had committed several acts of domestic abuse. She sought an injunction to prevent Andrew from committing further domestic abuse against her. After a hearing, the district court granted Mildred the injunctive relief she sought. In finding prior domestic abuse, a predicate to injunctive relief under the statute, the district court relied heavily on an incident in which Andrew allegedly chased Mildred's car in his own vehicle at a high rate of speed. The district court also noted other incidents in which Mildred alleged harassment by Andrew.

Andrew has appealed from the district court order granting Mildred injunctive relief. Andrew challenges the sufficiency of the evidence to establish the statutory grounds for injunctive relief under chapter 236.

Iowa Code chapter 236 permits a person to seek injunctive relief from domestic abuse. Section 236.5 permits injunctive relief "upon a finding that the defendant has engaged in domestic abuse." Section 236.-2(2) defines domestic abuse to be "committing assault as defined in section 708.1," under specified domestic circumstances. Andrew argues that the alleged car chase incident did not qualify as an assault under section 708.1 because there was no showing that he had "the *apparent ability* to execute [an] act ... intended to cause pain or injury ... [or] intended to place another in fear of immediate physical contact which will be painful, injurious, insulting or offensive...." (Emphasis added.)

■ We note initially that chapter 236 is protective rather than punitive in nature. We place upon the statute "a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it." *Shidler v. All Am. Life & Fin. Corp.*, 298 N.W.2d 318, 321 (Iowa 1980).

■ We believe the car chase incident noted above qualified as an assault under section 708.1, and hence as domestic abuse under section 236.2(2). The record shows that Andrew pursued Mildred's vehicle at high speeds, and that his vehicle reached a close proximity to hers in light of the speeds involved. On this record we believe Andrew had the "apparent ability" to strike Mildred's vehicle with his own, regardless of whether the matter is viewed from Mildred's perspective or Andrew's. Such a vehicular collision would clearly be an act intended to cause Mildred pain or injury, or to place her in fear of painful or

injurious contact. *See* Iowa Code §§ 708.-1(1) and 708.1(2).

We do not believe this is an appropriate case to address issues concerning the construction of the phrase "apparent ability" in section 708.1. Under any construction of the phrase, Andrew's apparent ability to execute an act constituting assault is clear from this record.

The district court properly granted injunctive relief to Mildred under Iowa Code section 236.5. The district court's order is affirmed.

AFFIRMED.