Beatrice KNIGHT, Appellee,

v.

Roger KNIGHT, Appellant.

No. 93–1809.

Supreme Court of Iowa.

Dec. 21, 1994.

Davis L. Foster, Iowa City, for appellant.

Sue Dulek, Legal Services Corp., Iowa City, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

HARRIS, Presiding Justice.

The defendant in this proceeding under the domestic abuse Act challenges the sufficiency of the notice against him on due process grounds. He complains he was found in violation of a protective order on the basis of a different incident from the one mentioned in the petition he was called to defend. Finding no due process violation, we affirm.

The marriage of Roger and Beatrice Knight was dissolved in January 1993. Their association thereafter, as occasioned during child visitations, was stormy so that, the following August, Beatrice filed a pro se petition for relief from domestic abuse under Iowa Code chapter 236 (1993). In that petition Beatrice alleged numerous past and re-

cent incidents of physical threats and verbal abuse.

At a hearing, in addition to the incidents listed in the petition, Beatrice testified that once Roger "drove right in front of me and I almost hit him." Roger never objected to Beatrice's testimony about the vehicle incident and later testified about it on direct examination.

The trial court held that the events listed in the petition and the incident with the car amounted to assault, and therefore were within the purview of Iowa domestic abuse law. Roger appeals, claiming that, because the incident with the car was not listed in the petition, a ruling based in part on this allegation violated due process.

■ I. Where fundamental constitutional rights are involved, our review is de novo. *Rushing v. State,* 382 N.W.2d 141, 143 (Iowa 1986). Our review on other questions is also de novo because the case was tried as an equity case. *Anderson v. City of Cedar Rapids,* 168 N.W.2d 739, 741 (Iowa 1969) (our review is in accordance with mode of trial in district court).

■ Due process has two fundamental requirements: notice and opportunity to be heard. *In re K.L.C.,* 372 N.W.2d 223, 226 (Iowa 1985). These requirements are not however cast in stone; due process "is not a technical conception with fixed content unrelated to time, place and circumstances ... [citations omitted], [rather it is] flexible and calls for such procedural protections as the particular situation demands." *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 53, 111 S.Ct. 1032, 1061, 113 L.Ed.2d 1, 42 (1991) (O'Connor, J., dissenting).

■ II. Roger's due process claims must be evaluated in the context of domestic abuse hearings, hearings that tend to be less than formal. Domestic abuse is defined as assault under Iowa Code section 708.1. Section 236.3(4) of the Code required Beatrice to state in her petition the "[n]ature" of the alleged domestic abuse. Beatrice was required to "prove the allegation of domestic abuse ·by a preponderance of the evidence." Iowa Code § 236.4(1).

We recently described the framework of domestic abuse proceedings in *Smith v. Smith,* 513 N.W.2d 728 (Iowa 1994). *Smith* involved a pro se petition much less detailed than the one here. We found that the *Smith* petition gave sufficient "fair notice" of a claim for domestic abuse. *Id.* at 731. The petition thus withstood a challenge under Iowa rule of civil procedure 69(a) which requires "a short and plain statement of the claim."

■ We think, especially in context, Beatrice's petition not only complied with the statute, but also gave Roger sufficient notice to satisfy due process. Section 236.3(4) requires a petitioner to state the *nature* of the alleged abuse. The term "nature" is defined as "a kind or class usually distinguished by fundamental or essential characteristics." Webster's Collegiate Dictionary 774 (1993). Beatrice enumerated at least eight alleged instances of domestic abuse, which included verbal abuse, threats of physical harm, and stalking. The car incident belonged to the same "kind or class" of behavior and was distinguished by the same "fundamental or essential characteristics." Like the other incidents that were alleged, the car incident amounted to an assault and placed Beatrice in fear of physical harm.

■ Roger could scarcely have been surprised by mention of the car incident. It was typical of the incidents that were enumerated. Out of necessity domestic abuse procedures are routinely instigated upon a pro se petition and consequently, as observed in *Smith,* some leeway must be accorded from precision in draftsmanship. We think Roger had fair notice that incidents of alleged assaults closely similar to those listed were likely to be raised at the hearing. Roger's trial response to the car incident bears this out. We note that Roger testified about the car incident without objection. Indeed Roger's trial response to the car incident differed in no way from his responses to the other incidents. This confirms that he was not unfairly surprised by the introduction of this evidence.

We therefore conclude Roger's notice satisfied the first fundamental requirement of

due process. There is no question on the second due process requirement—an opportunity to be heard. After hearing Beatrice's testimony, Roger explained his version of the car incident during his own.

■ III. We emphatically reject Roger's contention that this case is analogous to parental termination cases where due process requirements are more strict. Parental rights belong in the category of fundamental interests. *Prince v. Massachusetts*, 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645, 652 (1944). Roger did not suffer deprivation of a fundamental, constitutionally protected interest when ordered to "cease domestic abuse" of Beatrice. The district court order specifically noted that "the parties may have contact in connection with transfer of the children for visitation."

■ IV. Roger separately advances his due process claim under the criteria explained in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Under *Mathews*, in determining the specific dictates of due process, one should consider: (1) the private interest affected; (2) the risk of erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33. Roger complains he suffered stigma because he was declared a domestic abuser. We think the risk of erroneous deprivation was relatively small: Roger was represented by counsel at a formal judicial hearing, and he testified about the incident. The trial court found Beatrice's testimony more credible. This conclusion was buttressed by the court's reliance on other witnesses' testimony concerning other incidents of Roger's aggressive behavior. We note the car incident was not the only one relied on by the court in issuing the protective order.

With regard to the third *Mathews* factor, the government's interest here was protecting a citizen from potential bodily injury. Balancing these factors, it does not appear Roger's interest could have been substantially better protected by adherence to rigid pleading requirements. He did not call any witnesses to rebut the eight charges which Beatrice did list and he did not refer to any

witnesses in his explanation of the car incident. We conclude he was given full opportunity to present his side of the story.

Roger's due process rights were not violated.

**AFFIRMED.**