# IN THE COURT OF APPEALS OF IOWA

No. 14-1044
Filed July 22, 2015

**CHERYL BEALER SHUPPY,**
       Plaintiff-Appellee,

**vs.**

**DENNIS ALAN SHUPPY,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Scott County, Mark R. Lawson,
Judge.


       A husband appeals from a final domestic abuse protective order issued
pursuant to Iowa Code chapter 236.  **AFFIRMED.**


       Dennis D. Jasper, Bettendorf, for appellant.

       James L. Ottesen, Scott County Domestic Abuse Special Prosecutor,
Davenport, for appellee.


       Considered by Tabor, P.J., McDonald, J., and Mahan, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

Dennis Shuppy appeals from a final domestic abuse protective order issued pursuant to Iowa Code chapter 236 (2013). On appeal, he contends the petitioner failed to prove he committed an assault within the meaning of Iowa Code section 708.1. We review a civil domestic abuse proceeding tried in equity de novo. *See Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994). We examine both the law and the facts, and we adjudicate anew those issues properly preserved and presented for appellate review. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). We give weight to the district court's findings, particularly its credibility determinations, but our obligation to adjudicate the issues anew means that we must satisfy ourselves the petitioning party has come forth with the quantum and quality of evidence sufficient to prove the statutory grounds for issuing a protective order. *See id.*

A party seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that a domestic abuse assault occurred. *See* Iowa Code §§ 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."), 236.5 (providing that relief is available "[u]pon a finding that the defendant has engaged in domestic abuse"); *Wilker*, 630 N.W.2d at 596 (stating the burden of proof is a preponderance of the evidence); *Knight*, 525 N.W.2d at 843 (same). "Domestic abuse" means "committing an assault as defined in Iowa Code section 708.1" where the victim and assailant have a relationship governed by chapter 236, such as an assault

involving "family or household members" or the "parents of the same minor child." Iowa Code § 236.2(2).

The district court concluded the petitioner proved domestic abuse, as defined in chapter 236, occurred:

> While the issue is close, the [c]ourt finds the petitioner has proven that an assault occurred. There has been testimony that on more than one occasion, specifically the most recent one when the petitioner came home from work, that the respondent ran up to her, got in her face, screamed at her and that on other occasions he has approached her with his fists clenched and in an aggressive manner.
>
> The [c]ourt finds these are acts which are intended to place the petitioner in fear of immediate physical contact even though no physical contact occurred and that such contact, if it did occur, would be insulting or offensive to the petitioner. The respondent clearly had the apparent ability to execute the act because he was within arm's length of the petitioner.

On de novo review, we agree with the district court that the petitioner proved domestic abuse occurred. *See, e.g.*, *Owens v. Owens*, No. 07-0514, 2007 WL 2965169, at *2 (Iowa Ct. App. Oct. 12, 2007) (affirming issuance of protective order where respondent yelled in petitioner's face in a threatening manner); *Parrott v. Parrott*, No. 01-0787, 2002 WL 575588, at *2 (Iowa Ct. App. Feb. 20, 2002) (reversing dismissal of chapter 236 petition where, among other things, the respondent yelled in the petitioner's face and raised a fist toward her). We have considered each of the respondent's arguments, whether or not set forth in full herein, and we affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**