# IN THE COURT OF APPEALS OF IOWA

No. 15-1618
Filed May 25, 2016

**ANN TESSIER,**
        Plaintiff-Appellee/Cross-Appellant,

**vs.**

**JERRY WALDRON JR.,**
        Defendant-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve,

Judge.

        A former boyfriend appeals the district court's grant of a domestic abuse

protective order to the mother of his two children.  **AFFIRMED.**

        Gary D. McKenrick of Cartee & McKenrick, P.C., Davenport, for appellant.

        David A. Millage of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for

appellee.

        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Jerry Waldron Jr. appeals a final domestic abuse protective order prohibiting him from having contact with Ann Tessier, with whom he has two children in common. He contends Tessier presented insufficient credible evidence that he assaulted her. After reviewing the record,[1] we find Tessier carried her burden to show by a preponderance of the evidence that she was entitled to a protective order under Iowa Code section 236.5(1)(b) (2015).

Waldron and Tessier started dating in 2004 and lived together from 2006 until 2014. At the time of the domestic abuse proceedings in 2015, their children were ages three and five.

On July 21, 2015, Tessier filed a petition for relief from domestic abuse, alleging she feared for her safety and the safety of her children. She described the most recent assault as follows: "Last week, Jerry threw a racket at me in front of my children." She also alleged Waldron had threatened to kill her twice in front of the children and had given her bloody noses several times during their relationship. She further claimed he pushed her off the front stoop, had stolen things from her house, had broken into her computer, "calls and texts at all hours of the day," harasses her mother and babysitters, and has "called [her] every name that is degrading." The district court issued a temporary protective order the same day. *See* Iowa Code § 236.4(2).

---

[1] Because the case was tried in equity, our review is de novo. *See Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994). That standard means, after examining both the facts and the law, we adjudicate anew those issues properly preserved and presented for appellate review. *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). We give weight to the district court's findings, particularly its credibility determinations, but our obligation to adjudicate the issue anew means we must satisfy ourselves the petitioning party has offered the quantum and quality of evidence sufficient to prove the statutory ground for issuing a protective order. *Id.*

After a contested hearing, the court granted Tessier's petition for relief from domestic abuse on September 2, 2015. Waldron appeals.[2]

The district court may grant a protective order "[u]pon a finding that the defendant has engaged in domestic abuse." *Id.* § 236.5(1). "Domestic abuse" means an "assault as defined in section 708.1" perpetrated by one person against another person in a specified relationship, including parents of the same minor children. *Id.* § 236.2(2). The person filing the petition for protection must prove the assault by a preponderance of the evidence. *Id.* § 236.4(1); *Wilker*, 630 N.W.2d at 596. A preponderance means the evidence supporting the finding is greater "in weight, influence, or force" than the evidence supporting a different conclusion. *Walthart v. Bd. of Dirs. of Edgewood—Colesburg Cmty. Sch. Dist.*, 694 N.W.2d 740, 744 (Iowa 2005) (citation omitted).

Waldron acknowledges Tessier testified to several instances of domestic abuse. But he claims her testimony was not credible. He urges us not to accord "blind deference" to the district court's implicit credibility determinations. Waldron contends Tessier filed the petition to "gain an advantage" in the custody suit he intended to pursue and refers to her assault claims as "dated." He contends the record belies her fear of him because she "accompanied" him to his

---

[2] Tessier filed a cross-appeal challenging the district court's failure to rule on her motion to dismiss Waldron's application for rule to show cause, which alleged she violated the protective order by being in Waldron's presence. Because the court found in a September 18, 2015 ruling that Tessier did not willfully violate the order and was not in contempt, Tessier's claim is moot. *See Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011) (explaining an appeal is moot if it no longer presents a justiciable controversy because the contested issue has become nonexistent). Accordingly, we dismiss the cross-appeal.

grandmother's funeral the day after filing the petition. He argues Tessier's assault allegations should be "considered in the context of their timing."

Our supreme directs us to give "[r]espectful consideration" to the district court's credibility determinations. *Wilker*, 630 N.W.2d at 594. Here, an experienced trial judge had the opportunity to see and hear both parties—Tessier's assertions of abuse pitted against Waldron's denials—and found Waldron posed a "credible threat" to Tessier. Even in our de-novo posture, we cannot replicate the valuable, in-person observations of the trial judge. *See A & R Concrete & Constr. Co. v. Braklow*, 103 N.W.2d 89, 91 (Iowa 1960) ("[T]he trial court with the witnesses before it was in a much better position to decide these questions than are we with only the exhibits and the cold record to aid us."). This case provides a textbook example of when deference to the district court's credibility finding is appropriate.

In addition, Tessier rebuts Waldron's "context" argument. She denied Waldron initiated an action to change the custodial arrangement for their children or that the timing of her petition coincided with his expressed intent to do so. Tessier also testified she and Waldron attended the family funeral in separate cars and she tried to avoid his company at the event. Also at the hearing, Tessier's mother corroborated Waldron's threatening behavior and Tessier's fear of him. On this record, we decline to reach a different credibility finding than did the district court. Accordingly, we find Tessier presented sufficient evidence to justify issuance of the final domestic abuse protective order.

Tessier also seeks appellate attorney fees. We have discretion to make such an award. Iowa Code § 236.5(4); *see Schaffer v. Frank Moyer Constr.,*

*Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (holding statute allowing award of trial attorney fees permits an award of appellate attorney fees as well). Based on the relative merits of the parties' positions on appeal, we award Tessier $1000 in appellate attorney fees.

Costs on appeal are taxed to Waldron.

**AFFIRMED.**