# IN THE COURT OF APPEALS OF IOWA

No. 16-0044
Filed June 15, 2016

**PAIGE HUNTLEY,**
        Plaintiff-Appellee,

**vs.**

**NAPOLEON BACON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Carroll County, Gary McMinimee,

Judge.


        A defendant appeals from an order entering a final domestic abuse

protective order.  **REVERSED AND REMANDED.**



        Jay W. Mez, Council Bluffs, for appellant.

        Christine L. Sand of Wild, Baxter & Sand, P.C., Guthrie Center, for

appellee.



        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Napoleon Bacon Jr. appeals from a final domestic abuse protective order issued pursuant to Iowa Code chapter 236 (2015). We review a civil domestic abuse proceeding tried in equity de novo. *See Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994). We examine both the law and the facts, and we adjudicate anew those issues properly preserved and presented for appellate review. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). Our obligation to adjudicate the issues anew means we must satisfy ourselves the petitioning party has come forth with the quantum and quality of evidence sufficient to prove the statutory grounds for issuing a protective order. *See id.*

A party seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that the respondent committed "domestic abuse." *See* Iowa Code § 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."); Iowa Code § 236.5 (providing that relief is available only "[u]pon a finding that the defendant has engaged in domestic abuse"); *Wilker*, 630 N.W.2d at 596 (stating the burden of proof is a preponderance of the evidence); *Knight*, 525 N.W.2d at 843 (same). "'Domestic abuse' means committing an assault as defined in Iowa Code section 708.1" where the victim and assailant have a relationship governed by chapter 236. Iowa Code § 236.2(2).

Bacon contends the petitioner, Paige Huntley, failed to prove Bacon committed "domestic abuse." Specifically, Bacon contends Huntley failed to prove he assaulted her within the meaning of section 708.1. As relevant here, a person commits an assault when the person does, without justification, "[a]ny act

which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." Iowa Code § 708.1(2)(b). In this context, "immediate" means "occurring without delay; instant." Black's Law Dictionary 751 (7th ed.1999). The ability to execute the act must be apparent to the offender, not the victim. *See Bacon v. Bacon*, 567 N.W.2d 414, 418 (Iowa 1997). The apparent ability to execute the act means "that his expectations of placing another in fear must be reasonable." *State v. Braggs*, 784 N.W.2d 31, 37 (Iowa 2010) (alteration omitted) (citing *State v. Jackson*, 305 N.W.2d 420, 423 (Iowa 1981)).

Huntley and Bacon commenced a relationship in 2001 after meeting in Kansas City, where they both lived. The relationship lasted until the end of November 2014 when Huntley moved out of the parties' residence and back to Iowa. Bacon remained in Kansas City.

In her petition in this case, Huntley alleged the respondent, almost daily during their thirteen-year relationship, beat her, kept her up at night, and yelled at her "until early in the morning." At the hearing in this matter, Huntley reasserted these allegations, stating Bacon hit her and yelled at her almost daily until 4 o'clock in the morning. She also testified about other emotional and reputational abuse. For example, she testified she holds "a prominent position within Coon Rapids" and Bacon was trying to destroy her reputation within the Coon Rapids community. She did not give any examples of what Bacon was doing to attack her reputation within the Coon Rapids community.

Bacon denied all of Huntley's material allegations. The parties lived in multi-family apartments over the course of their thirteen-year relationship and the

police were never called to the residence, he testified, implying Huntley's claims of thirteen years of nightly beatings and screaming until the early morning were implausible. He testified the parties had infrequent, verbal altercations, like any other couple.

The parties had little to no contact after Huntley moved out in November 2014. In March 2015, the parties spoke once via telephone. Huntley described the phone call as abusive and said Bacon demanded $36,000 to leave her alone; otherwise, he would continue to harass her and send his cousins to get her. He testified they spoke because Huntley owed him $3600 related primarily to charges she incurred during February 2015 on a credit card the parties still held jointly. Although the credit card statement was not put into evidence, the credit card statement was presented to Huntley on cross-examination, and she admitted she charged the items to the card and owed the money. The statement corroborates Bacon's testimony. In December 2015, Bacon arrived unannounced at Huntley's house accompanied by a local law enforcement official. It is unclear from the testimony, but apparently Bacon had been sending emails to Huntley requesting his laptop computer and/or the parties had been having some communication regarding his laptop computer. In either case, Huntley still had Bacon's laptop computer in her possession. Bacon asked local law enforcement to accompany him to the home to get the laptop computer. Huntley apparently gave the computer to Bacon, and Bacon returned to Kansas City.

The day after Bacon retrieved his laptop computer with the assistance of law enforcement, Huntley filed this action. At hearing in this matter, she testified

that she was threatened by Bacon showing up at her house, that Bacon knew "so many people in Kansas City" and would send them after her, and that Bacon would have his cousins drive up from Kansas City and hurt her. The district court found Bacon's arrival at the house in December 2015, in light of Huntley's testimony regarding the alleged history of abuse, constituted a domestic abuse assault. The district court issued a permanent protective order.

On de novo review, we conclude there is insufficient credible evidence of an assault within the meaning of section 708.1. Under the facts presented, Bacon's arrival at Huntley's house cannot constitute domestic abuse assault. He requested law enforcement accompany him to Huntley's house. Huntley admitted she "did not believe that Bacon would be assaultive" during the December encounter because of the law enforcement officer's presence. In addition, Huntley and Bacon reside several hours by car from each other. There is no evidence Bacon had or has the apparent ability to make immediate physical contact with Huntley or have others do the same on his behalf. There is thus insufficient credible evidence to establish an assault occurred and insufficient credible evidence to establish a credible ongoing threat of assault. *See State v. Button*, 622 N.W.2d 480, 484 (Iowa 2001) ("Clearly, regarding a threat over the telephone, there is no immediate ability to carry out the threat when the speaker is not even physically present."); *In re Landhuis*, No. 14-1447, 2015 WL 1331854, at *3 (Iowa Ct. App. Mar. 25, 2015) (vacating protective order where the parties were 160 miles, and several hours by car, from each other and there was thus no possibility of immediate physical contact and, by extension, no reasonable fear of immediate physical contact); *Kiersch v. Kiersch*,

No. 12-0289, 2012 WL 4101011, at *1 (Iowa Ct. App. Sept. 19, 2012) (reversing and remanding for dismissal of protective order where threatening messages were sent by text without other evidence of immediacy and apparent ability to execute the threat); *Speicher v. Rajtora*, No. 08-0769, 2009 WL 607497, at *1 (Iowa Ct. App. Mar. 11, 2009) (holding threatening telephonic communication where the parties were one to two miles apart was insufficient to establish immediacy and apparent ability to execute the act).

For the foregoing reasons, we reverse the judgment of the district court and remand this matter for dismissal of the protective order. We need not address the remainder of Bacon's arguments because a finding of assault is a prerequisite to any relief afforded under chapter 236. *See* Iowa Code § 236.5(1) ("Upon a finding that the defendant has engaged in domestic abuse . . . .").

**REVERSED AND REMANDED.**