# IN THE COURT OF APPEALS OF IOWA

No. 16-0874
Filed February 22, 2017

**JESSICA ANNE FISHER,**
Plaintiff-Appellee,

**vs.**

**JAMES DAVID DOLAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

James Dolan appeals the district court decision denying his motion to dismiss and granting a domestic abuse protective order to Jessica Fisher. **REVERSED.**

Dennis D. Jasper, Bettendorf, for appellant.

Micki M. Meier of Micki M. Mayes Law Firm, Davenport, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

James Dolan appeals the district court decision denying his motion to dismiss and granting a domestic abuse protective order to Jessica Fisher. We find the district court improperly denied James's motion to dismiss as there was insufficient evidence to establish a domestic or intimate relationship between the parties. We reverse.

## I. Background Facts and Proceedings

James and Jessica dated for several years and broke up in December 2015. On March 5, 2016, James assaulted Jessica while she was picking up a friend. Jessica requested a temporary protective order on March 8, which was granted the same day. A hearing was held on April 20 on Jessica's request for a permanent protective order. Jessica testified, as did two friends who witnessed the assault. During direct testimony Jessica stated, "[James and I] dated." Another witness, Sarah Stearman, testified that James and Jessica had been broken up for some time. At the close of Jessica's case, James moved to dismiss, claiming Jessica had not proved, by a preponderance of the evidence, there was an intimate or domestic relationship, a necessary element. The district court overruled the motion.

James then called Jessica and the two other witnesses and questioned them. During cross-examination Jessica testified she and James dated for "about three years." James objected, claiming there were no questions pertaining to the length of the relationship on direct examination. The district court overruled the objection and allowed the testimony. At the conclusion of his questioning, James renewed his motion to dismiss, which was again overruled.

The district court entered a final domestic abuse protective order the same day. James appeals, claiming the evidence was insufficient to establish an intimate relationship.

## II. Standard of Review

A civil domestic abuse proceeding is tried in equity and our review is de novo. *See Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994). Recognizing the unique position of the district court to make determinations of credibility, we give weight to the district court's findings, but we are not bound by those findings. *See id.* Pursuant to Iowa Code section 236.4(1) (2016), a party seeking a protective order must prove that a domestic abuse assault occurred by a preponderance of the evidence. *Wilker v. Wilker*, 630 N.W.2d 590, 596 (Iowa 2001). Domestic abuse requires the commission of an assault and a domestic or intimate relationship between the victim and assailant. Iowa Code § 236.2(2).

## III. Intimate Relationship

James claims Jessica did not present sufficient evidence to establish an intimate relationship by a preponderance of the evidence. In order to find an intimate relationship the district court must consider the factors found in Iowa Code section 236.2(2)(e). The statute directs the court to consider the duration of the relationship, the frequency of interaction, whether or not the relationship has been terminated, and the nature of the relationship as characterized by each party's expectations. *Id.* During the hearing, the only evidence of a relationship presented before James made a motion to dismiss were the statements "we dated" and testimony the parties had broken up some time ago, around December.

Applying the factors described above, we find the motion to dismiss should have been granted. The evidence presented informs us James and Jessica broke up in December but does not indicate when the relationship started. This does not persuade us the duration of the relationship was sufficient to find an intimate relationship. There was no testimony on the second factor, the frequency of their interaction; again, this is insufficient to find an intimate relationship. Testimony showed whatever the relationship between the parties, it had been terminated. This factor weighs in favor of finding no intimate relationship. Finally, there was no testimony regarding the fourth factor, the expectation of the parties of sexual or romantic involvement.

After the motion was denied, James called the same witnesses Jessica had called. During cross-examination Jessica testified they had dated three years. James objected, claiming the question regarding the length of the relationship was outside the scope of the direct examination but the district court overruled the objection. We find it unnecessary to decide whether the question was outside the scope of direct examination as we have not found, nor has either party provided, authority allowing the plaintiff to prove an underlying element after resting their case. Therefore, we reverse the district court.

**REVERSED.**

Potterfield, Judge, concurs; Vaitheswaran, Presiding Judge, dissents.

**VAITHESWARAN, Presiding Judge.** (dissenting)

I respectfully dissent. I would find sufficient evidence to support a finding of domestic abuse assault under Iowa Code section 236.2(2)(e)(1), which defines "domestic abuse" as an assault "between persons who are in an intimate relationship or have been in an intimate relationship and have had contact within the past year of the assault." I would rely on the following exchange between Fisher's attorney and witness Sarah Stearman:

> Q: Do you—do you know, approximately—strike that. Jessica and James had been broken up for some time? A: Um-hum.
> Q: Do you know approximately when they were broke up? A: I think it was December.
> Q: December. And then this happened on March 5th, correct? A: Right.