# IN THE COURT OF APPEALS OF IOWA

No. 17-2021
Filed February 20, 2019

**JUNE E. KING,**
    Plaintiff-Appellee,

**vs.**

**RICHARD W. KING,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, Christopher C. Foy,

Judge.

Richard King appeals the entry of a domestic abuse protective order.

**AFFIRMED.**

Kevin E. Schoeberl of Story Schoeberl & Seebach, LLP, Cresco, for

appellant.

Todd P. Prichard of Prichard Law Office, PC, Charles City, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Richard King appeals the entry of a domestic abuse protective order prohibiting contact with his wife, June. Richard asserts June offered insufficient evidence he assaulted her. Richard also contends the district court erred in granting June exclusive possession of the family home and restricting his possession of firearms. After our independent review of the record, we conclude June carried her burden to show, by a preponderance of the evidence, she was entitled to a protective order under Iowa Code section 236.5(1)(b) (2017). We also uphold the housing and firearms provisions of the order.

**I.      Facts and Prior Proceedings**

Richard and June are both sixty-four years old. They have been married for more than forty years and have lived in the same home in McIntire, Iowa, for more than twenty years. The couple has experienced "difficulty in the marriage" in the past few years. Starting in 2015, June called the Mitchell County Sheriff's Office several times to report acts of hostility by Richard. Law enforcement did not file criminal charges. The parties began divorce proceedings in 2017 but continued living together in the same house. Eventually, June moved to the basement and only came upstairs to get ice out of the refrigerator or use the shower.

In November 2017, June filed a petition for relief from domestic abuse under Iowa Code chapter 236. In her petition, June alleged three incidents of domestic abuse assault: First, on October 27, 2017, Richard threatened her to "get down to the basement and get out or I'll make sure you get out." She called law enforcement, and voluntarily left the house but returned later. Second, in July 2017, Richard "pushed [her] out of the way." Finally, in December 2016, Richard

"shoved [her] out of bed." June also alleged "continuous hostility and threats" by Richard.

The district court issued a temporary protective order and set the petition for hearing on November 14, 2017. On November 2, Richard accepted service of the petition and protective order, and peace officers removed him from the marital home. Following the hearing,[1] the court concluded Richard committed domestic abuse and entered a final order of protection under Iowa Code section 236.5(1)(b). Richard appeals. June waived filing of a brief.

## II.     Scope and Standards of Review

Our standard of review depends on "the mode of trial" in the district court. *Compare Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994) (reviewing de novo because the case was tried in equity), *with Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417 (Iowa 1997) (reviewing for correction of errors at law because district court "rule[d] on objections as they were made," signaling the case was tried as a law action).

Richard contends this case was heard in equity, so our review is de novo. We agree. While the district court ruled on some evidentiary objections during trial, "the objections were minor and did not have a significant effect on the proceedings." *See Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 n.6 (Iowa 2006) (noting when "no one claims the trial court improperly excluded evidence, the trial court's ruling on objections does not prevent a de novo review.").

---

[1] At the start of the hearing, the parties agreed the court could consider both June's petition for relief from domestic abuse and the pending dissolution-of-marriage action.

De novo review means, after examining both the facts and the law, we adjudicate anew those issues properly preserved and presented for appellate review. *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). We give weight to the district court's findings, particularly its credibility determinations, but we must satisfy ourselves the petitioning party—here, June—offered a preponderance of evidence justifying the issuance of a protective order. *See id.* A preponderance of the evidence is "the lowest degree of proof upon which issues of fact are determined." *State v. Beasley*, 50 N.W. 570, 571 (Iowa 1891). In other words, the quantity of evidence required of June is "no more than will outweigh the evidence of the other side." *See Hall v. Wright*, 156 N.W.2d 661, 667 (Iowa 1968).

## III.  Analysis

### A.  Domestic Abuse Finding

In a chapter 236 proceeding, the district court may grant a protective order after finding the defendant engaged in domestic abuse. Iowa Code § 236.5(1)(b). Domestic abuse means an assault—as defined in section 708.1—where the assailant and victim are family or household members. *See id.* § 236.2(2). The district court may grant relief upon proof of one assault. *See, e.g.*, *Christenson v. Christenson*, 472 N.W.2d 279, 280 (Iowa 1991) (affirming protective order based on a single car-chase incident).

In this case, the district court found Richard committed two domestic abuse assaults against June in the year leading up to the hearing and continued to represent a threat to her physical safety. As a result, the court ordered Richard to stay away from June.

On appeal, Richard contends June did not prove the domestic abuse assault allegations by a preponderance of the evidence.[2]

We focus on the July 2017 incident. In her petition, June alleged Richard "pushed [her] out of the way." At trial, she elaborated: Richard was upset she had family visiting, had been watching television, and turned the volume up so loud they could not converse. The next morning, he again blared the television "so loud, [June] couldn't sleep." She testified she turned the volume down and "he came at me. He shoved me on the [right] shoulder. And told me I was an F-ing B." June testified she said, "[J]ust leave me alone. We have company." Richard "proceeded to tell me that I need to take my F-ing family and get the hell out of his house. And leave."

For his part, Richard testified he went to bed at 9:00 p.m. and could not sleep with June's family "cackling and carrying on." He woke up at 5:30 a.m. and thought, "[O]kay, I'm going to do shame to you. I'm going to turn the TV up and I see how you can't sleep." He stated, although he did not remember shoving June, he remembered "grabbing it." When asked what "it" was, he testified, "the button" for the volume.

---

[2] Richard separately argues he did not have sufficient notice of the various domestic abuse allegations in June's trial testimony and the district court should have restricted June to the facts asserted in her petition. Because domestic-abuse-relief actions are "routinely instigated" by self-represented litigants, our courts recognize "some leeway must be accorded from precision in draftsmanship." *Knight*, 525 N.W.2d at 843 (finding defendant was not unfairly surprised by introduction of eight additional incidents of domestic abuse, including verbal abuse, threats and stalking). Under the authority of *Knight*, we reject Richard's claim the district court should have limited June's testimony to the events listed in her petition. June was entitled to show his acts of domestic violence as "a pattern of behavior with each episode connected to the others." *See State v. Taylor*, 689 N.W.2d 116, 129 n.6 (Iowa 2004).

In relevant part, an assault occurs when a person does "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." Iowa Code § 708.1(2)(a). We may infer the assailant's intent from the circumstances surrounding the assault. *Taylor*, 689 N.W.2d at 132.

The court found June's testimony "more credible and persuasive than the explanations" Richard offered. Giving appropriate deference to the district court, we agree. Both accounts show Richard was annoyed about June's visiting family and used the television volume to retaliate against her. Richard pushed June when she turned the volume down and swore at June and her family. With that motivation in mind, it is reasonable to infer Richard intended his act to cause pain or result in insulting or offensive contact; Richard had the apparent ability to execute the act and did so.

Richard counters June did not testify she experienced any pain from the shove. But the assault statute requires only proof of Richard's intent, not actual pain, injury, insult, or offense. June showed by a preponderance of the evidence Richard committed an assault. We affirm the findings of the district court.

## B. Other Protective Order Provisions

Richard next complains the district court erred in granting June exclusive possession of the marital home and ordering him to relinquish his firearms. We conclude both provisions were appropriate.

Iowa Code section 236.5(1)(b)(3) provides the protective order may include a provision "[t]hat the defendant grant possession of the residence to the plaintiff to the exclusion of the defendant. . . ." Under that statute, the district court ordered:

"Protected Party shall have exclusive possession of the home . . . . [Richard] shall not go to, enter, occupy or remain in that residence or any other residence in which Protected Party is staying, under any circumstance."

Richard contends it was wrong to oust him from the marital home when he lived there for more than two decades, was retired, and had nowhere else to stay. At trial, June testified she requested the residence as part of her relief because it was just ten miles from her job at a daycare center and she could manage her family farm from that location. Like Richard, she testified to living in the same house for more than twenty years. June acknowledged she could live with her daughter seven miles away but it would create a burden on her daughter and son-in-law. At trial, Richard suggested both parties could continue living under the same roof. Of course, the protective order rules out Richard's idea of continued cohabitation. And the equities point toward granting June, as the protected party, the marital home. *See Hopkins v. Marold-Hopkins*, No. 05-0339, 2006 WL 133227, at *2 (Iowa Ct. App. Jan. 19, 2006) (clarifying "a finding of domestic abuse is a prerequisite to a protective order that would grant one party, to the exclusion of the other, possession of a family residence"). We affirm this provision.

Next, we address the firearms provision. Iowa law prohibits possession of a firearm by "a person who is subject to a protective order under 18 U.S.C. § 922(g)(8)." Iowa Code § 724.26(2). For the firearms prohibition to apply, the protective order must (1) have been issued after a hearing of which the person received actual notice and had an opportunity to participate; (2) restrain the person from harassing, stalking, threatening, or assaulting an intimate partner (which includes a spouse or former spouse); and (3) include a finding that the person

represents a credible threat to the physical safety of the protected party or prohibits the use of physical force against the protected party. 18 U.S.C. § 922(g)(8); *see also id.* § 921(a)(32) (defining intimate partners).

Richard does not dispute receiving notice of the hearing or having the chance to participate. Nor does he dispute the domestic relationship. The order provides Richard "shall not threaten, assault, stalk, molest, attack, harass or otherwise abuse" nor "use, or attempt to use, or threaten to use physical force against" June as "would reasonably be expected to cause bodily injury." The order also includes a finding Richard "represents a threat to [June's] physical safety." Because Richard is the subject of a domestic abuse protective order as contemplated by 18 U.S.C. § 922(g)(8), it would be a violation of section 724.26(2)(a) for Richard to possess a firearm for the duration of the protective order. Richard complains he did not display or threaten June with a gun during the assaults; but again, June was not required to make such a showing. The district court properly ordered Richard to "deliver all firearms, offensive weapons, and ammunition to the Mitchell County Sheriff." *See* Iowa Code §§ 236.5(1)(b)(2); 724.26(3).

**AFFIRMED.**