# IN THE COURT OF APPEALS OF IOWA

No. 20-0805
Filed June 16, 2021

**DESIREE NICOLE BENDA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS JAMES STREIF,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Howard County, Linda M. Fangman,

Judge.


        Travis Streif appeals the imposition of a protective order pursuant to Iowa

Code chapter 236 (2020).  **AFFIRMED.**


        Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, Charles

City, for appellant.

        Desiree Benda, Cresco, self-represented appellee.


        Considered by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Travis Streif appeals the imposition of a protective order pursuant to Iowa Code chapter 236 (2020). Travis argues the district court erred in considering a prior chapter 236 action that was ultimately dismissed and in finding the allegations against him rose to the level of assault.[1]

## I. Background Facts and Proceedings

Travis and Desirée Benda share two children and were never married. The relationship has been tumultuous since the parties first began to live together in 2015. Travis was charged with simple misdemeanor domestic abuse assault in 2015, following an incident when he struck Desirée on the face with an open hand. A protective order was issued but was dismissed at Desirée's request four days later. Following the birth of the parties' first child, Travis was convicted of the 2015 domestic abuse charge and was sentenced to seven days in jail, with five days suspended. Travis petitioned for visitation with the parties' child, case ending 7022. In December, the parties entered into a temporary visitation agreement.

Desirée alleges that throughout 2016 and the spring of 2017, she was routinely afraid for the safety of her and the child during visitation. One incident in October became physical, and resulted in Desirée biting Travis's face. The parties periodically resumed a sexual relationship and Desirée became pregnant with a second child. The following year was similarly contentious. Travis sought continued court intervention to secure more visitation and Desirée made more claims that Travis's conduct placed her in fear of abuse at his hands. Desirée

---

[1] Travis acknowledges one incident in 2015 led to his conviction of simple misdemeanor domestic abuse assault, first offense.

sought intervention of the Iowa Department of Human Services (DHS) based on an allegation that Travis spanked the parties' child, resulting in bruising. DHS completed their investigation and the 2018 complaint was not confirmed. The parties' second child was born, and Travis was proved to be the father following court-ordered paternity testing.

In early 2019, Travis hit Desirée's car when he pulled into her driveway to retrieve the oldest child for visitation. No damage resulted, and Travis admitted to the accident in his testimony. In February, Desirée filed a petition for relief from domestic abuse pursuant to Iowa Code chapter 236 (2019). A protective order issued but was dismissed approximately six weeks later. In April, the parties agreed to mutual protective orders in a new chapter 236 (2020) case with minimal exceptions allowing the parties to exchange custody of the children. In May, Travis was arrested for violating a mutual protective order for speaking to Desirée while the couple exchanged custody. Desirée continued to report Travis to DHS for allegations of drug use and physical abuse. Following investigation, both reports were returned as not confirmed. An agreement was reached in the fall of 2019, allowing visitation to be supervised by third-party representatives of both Travis and Desirée.

Desirée filed another petition for relief from domestic abuse in April 2020, the case now before us on appeal. The parties appeared for hearing on the petition later that month. The district court granted the petition and entered a protective order. Travis filed a motion to amend pursuant to Iowa Rule of Civil Procedure 1.904(2), which was denied. Travis then filed a motion to clarify the protective order. The order was granted in the following respects:

> a)     [Travis] and [Desirée] may be present for exchanges of the children for visitation purposes but may not address one another.
> b)     The parties may communicate regarding matters involving the children in writing in the custodial notebook.
> c)     Other communications regarding the children may be made between [Travis's half-brother], and Desirée and/or her agent through email.
> d)     [Travis] shall provide a third party for the exchanges when they are to be picked up and [Desirée] shall provide a third party for the exchanges when they are to be dropped off to [her].

Desirée filed a motion to modify the order, objecting to the extent that Travis would be allowed "to be personally present at custodial exchanges." The court ordered that Travis was permitted to be present at the exchanges but "the actual exchange shall be by a third person as noted in the Order." Travis appeals.

## II.    Scope and Standard of Review

Civil domestic-abuse cases are equitable in nature and are reviewed de novo. Iowa R. App. P. 6.907; *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). We consider the entire record anew but give weight to the trial court's determinations of fact and credibility. *Id.* "The plaintiff must prove the allegation of domestic violence by a preponderance of the evidence." Iowa Code § 236.4(1). "The quantity of evidence required of a party having the burden of proof in a civil action is 'no more than will outweigh the evidence of the other side.'" *Marcinowicz v. Flick*, No. 17-0039, 2017 WL 6039997, at *2 (Iowa Ct. App. Dec. 6, 2017) (quoting *Hall v. Wright*, 156 N.W.2d 661, 667 (Iowa 1968)).

## III.    Analysis

Travis argues the district court erred in considering a prior chapter 236 petition that was dismissed. He also argues the court erred in finding the alleged conduct amounted to an assault or demonstrated a current credible threat to

Desirée's physical safety, particularly in light of the fact that the protective order in case ending 8890 already existed. Neither party disputes the applicability of chapter 236 based on their status as parents of the same child. *See* Iowa Code § 236.2(1)(c), (2).

A. Prior Chapter 236 Petition

Travis argues the district court erred in considering conduct described in a prior chapter 236 petition Desirée filed in February 2019. Travis insists that since prior protective orders were dropped and the couple continued to have contact, including a sexual relationship that resulted in two children, the district court should have ignored the prior petition. He also argues the conduct Desirée complained of is too remote in time to be considered in the present petition.

The petition filed in February 2019 alleged violations of a protective order that was then in force. But, that petition and resulting protective order were dismissed shortly thereafter. Travis insists that the district court considered the dismissed petition in error. On our review, the conduct described in the petition was corroborated by in camera testimony, including some admissions to the conduct from Travis. To the extent the district court made credibility determinations after receiving conflicting testimony, we defer to the district court's findings. *See Wilker*, 630 N.W.2d at 594.

Travis takes issue with the fact that the district court considered conduct that took place between 2015 and the present. He argues the conduct is too remote in time to show a credible present threat to Desirée. Travis supported his argument in briefing with a citation to this court's opinion in *Thompson v. Thompson*, No. 03-2052, 2004 WL 1396336, at *3 (Iowa Ct. App. June 23, 2004).

The standard proposed by Travis is alleged to be applied as a credibility-finding standard. However, our review of *Thompson* reveals that the proposed standard has nothing to do with the timing of a complainant's statements pursuant to a chapter 236 petition, but is actually the standard applied in consideration of the excited utterance exception to the rule against hearsay. *See id.* We find our supreme court's statements on the lack of a specific timing requirement in chapter 236 controlling on this argument.

> Iowa Code chapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault. It is true . . . that an elapse of time between an alleged assault and the filing of the petition may have a bearing on what specific relief a court might grant.

*Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994). Furthermore, "[b]ecause 'chapter 236 is protective rather than punitive in nature,' we employ 'a reasonable or liberal construction which will best effect its purpose.'" *Marcinowicz*, 2017 WL 6039997, at *2 (quoting *Christenson v. Christenson*, 472 N.W.2d 279, 280 (Iowa 1991)). We find no error in the district court's consideration of the allegations as provided by Desirée, including prior petitions and conduct that occurred in the past, to decide whether the elements of an assault were satisfied.

B.     Domestic Abuse Assault

Travis argues the district court erred in finding that any incident, other than the 2015 assault resulting in his conviction, amounted to an assault. Travis then argues that the district court also erred in finding any incident demonstrated a credible threat to Desirée's physical safety, particularly because the mutual protective orders in case ending 7022 were in effect.

In order to succeed on her petition, Desirée needed to prove that domestic violence occurred by a preponderance of the evidence. *See Wilker*, 630 N.W.2d at 596. An assault occurs when:

> 2. A person . . ., without justification, . . . does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1(2).

The district court acknowledged that Travis engaged in domestic abuse in 2015 and was convicted the following year. The district court then noted that the parties have an extensive history of conflict, resulting in several calls to law enforcement. The district court said that although the last incident of physical assault was in 2015, a high level of conflict continues to exist between the parties as was observed by the court during the hearing. The court specifically discussed an incident in January 2019 where Travis pulled into Desirée's driveway and hit her car[2] and another incident where Travis screamed and verbally threatened Desirée following a report of child abuse to DHS. Although Travis argues that the court ignored the fact that the parties were subject to mutual protective orders, our review of the hearing transcript reveals the court was well aware of that fact. The district court asked Desirée if she would prefer to proceed pursuant to the existing

---

[2] Travis argued the collision was an accident and resulted in no damage, but he did not contest its occurrence.

protective order and dismiss the chapter 236 petition she filed in giving rise to this appeal.

Travis argues that there has been no assault pursuant to section 708.1 to support this chapter 236 petition. We acknowledge that Desirée has not always followed through with protective orders in the past. Travis's conduct in 2015 was the only assault that resulted in conviction. However, Desirée alleged multiple instances where Travis was in her home and engaged in unwelcome physical contact, with one incident resulting in Desirée biting Travis on the face. Desirée alleged Travis provoked her, forcing her to defend herself. Desirée has also enlisted the assistance of law enforcement to remove Travis from her home. She has consistently alleged he engaged in verbal threats against her and, at times, Travis's yelling would cause Desirée to feel physically ill. Desirée also testified that Travis made gestures that made her fearful for her safety. On our de novo review of the record, we agree with the district court that Desirée proved by a preponderance of the evidence that there was a current threat to her physical safety in satisfaction of section 236.4(1).

**AFFIRMED.**