Marvin **HAUGLAND** and Mark Haugland, Plaintiffs,

v.

Roger **SCHMIDT** and Schmidt Livestock, Inc., Defendants.

Roger **SCHMIDT** and Schmidt Livestock, Inc., Appellants,

v.

**NORTH IOWA STATE BANK,** Defendant,

and H.T. Bosworth, Appellee.

No. 83–801.

Supreme Court of Iowa.

June 13, 1984.

Joel J. Yunck of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, for appellants.

James L. Kramer of Johnson, Erb, Latham, Gibb & Carlson, Fort Dodge, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and CARTER, JJ.

UHLENHOPP, Justice.

This appeal involves the sufficiency of a cross petition under notice pleading. Iowa R.Civ.P. 69(a).

Plaintiffs Haugland filed a petition against defendants Schmidt alleging essentially that they bought sows from Schmidts; that the sows were moved from the Forest City Sale Barn to their farm; that the sows were never tested for disease and no health certificate or veterinarian inspection certificate was obtained prior to movement of the sows; that the sows had pseudo rabies and infected Hauglands' entire herd of swine; that Hauglands were compelled to sell their breeding stock of swine and sustained a loss of $52,215; that Schmidts breached implied warranties of merchantability and fitness for a particular purpose as well as the duty to test under chapter 163.30 of the Iowa Code (1981); and that the breaches constituted the proximate cause of Hauglands' damages. Hauglands asked judgment against Schmidts for $52,215 plus interest and costs.

Schmidts filed a cross petition against defendant H.T. Bosworth, incorporating Hauglands' petition and alleging that if Hauglands prove their allegations and obtain judgment against Schmidts, then Schmidts, upon payment of the judgment, are entitled to indemnity in full or to contribution for half from Bosworth "for his negligence in failing to report the outbreak

of an infectious disease to the Iowa Department of Agriculture, and for failing to quarantine the diseased animals." Schmidts asked judgment against Bosworth for indemnity or contribution for half, plus costs.

Bosworth filed a motion to dismiss Schmidts' cross petition on the ground its allegations are insufficient in a number of respects. The district court sustained the motion, stating inter alia:

> Even granted the liberal requirements of stating a "claim" in current "notice" pleadings under Iowa Rules, still the allegations of the third party petition against Bosworth herein are totally lacking in such precision as to advise Bosworth of what claim is made against him except that money is demanded if a judgment is entered against third-party Plaintiffs.

Schmidts applied for permission to appeal, and we granted the application.

Rule 69(*a*) of the rules of civil procedure states:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or cross-petition, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

■ The rule contains two requirements for a petition or cross petition. The first is a statement of a claim showing that the pleader is entitled to relief. A "claim" is not the equivalent of "cause of action". In alleging a claim showing that the pleader is entitled to relief, the pleader is not required to allege a legal theory or to spell out the elements of a cause of action as in a common law pleading. *I.G.L. Racquet Club v. Midstates Builders, Inc.*, 323 N.W.2d 214, 217 (Iowa 1982) ("Under the rule of notice pleading it is not required that a specific legal theory be identified."); *Cunha v. City of Algona*, 334 N.W.2d 591, 596 (Iowa 1983) ("The county confounds

the statement of a *claim* under notice pleading with the legal *elements* of a tort which must be established at trial. Under common law and code pleadings, the declaration had to allege the elements of a cause of action.... Under present Iowa rule of civil procedure 69, the pleader need only make a short and plain statement of a 'claim' showing that he is entitled to relief, and demand judgment."). Under rule 69(*a*) the pleading "is sufficient if it apprises of the incident out of which the claim arose and the general nature of the action." *Northwestern National Bank v. Metro Center, Inc.*, 303 N.W.2d 395, 401 (Iowa 1981).

■ Moreover, in judging whether a pleading meets the first requirement when it is attacked by a motion to dismiss, we sustain the motion "only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted." *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). Also, "In making this determination the pleading should be construed in the light most favorable to the pleader with doubts resolved in his favor and the challenged allegations accepted as true." *Id.*

■ Although the allegations of the present cross petition are meager, they minimally meet the first requirement. Bosworth can obtain the details by discovery.

The second requirement is a demand for the relief to which the pleader deems himself entitled. This cross petition requests indemnity or contribution for half, and meets the second requirement. Claims may be made in the alternative, as this cross petition does in requesting indemnity or contribution. Rule 69(*b*).

The district court should have overruled the motion.

REVERSED.