Pamela SMITH, Appellant,

v.

Michael D. SMITH, Appellee.

No. 93–1097.

Supreme Court of Iowa.

March 23, 1994.

Sarah Wenke, Legal Services Corp. of Iowa, Ottumwa, for appellant.

Roberta A. Chambers, Corydon, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In this single-issue appeal, we must decide whether the district court erred when it granted the defendant's motion to dismiss because the plaintiff allegedly failed to properly plead a claim of domestic abuse. *See* Iowa Code §§ 236.3, 236.3A (1993). We conclude the plaintiff's petition sufficiently stated a domestic abuse claim in compliance with our "notice pleading" requirements. *See* Iowa R.Civ.P. 69(a). So we reverse and remand for further proceedings.

Pamela Smith and Michael D. Smith were divorced in December 1992. On May 25, 1993, Pamela filed a pro se petition under our domestic abuse statute for temporary and permanent protective orders against Michael. *See* Iowa Code §§ 236.3, 236.3A. The district court immediately set a nonevidentiary hearing on the motion for June 25. Pamela, still representing herself, did not resist.

After the hearing the court sustained the motion to dismiss in a calendar entry. The calendar entry merely states, "motion to dismiss sustained."

It is from this ruling that Pamela appeals. Michael filed no brief here. So we must glean his position from his argument to the district court in support of his motion to dismiss.

■ Our review of the district court's ruling is for legal error. Iowa R.App.P. 4; *Harden v. State,* 434 N.W.2d 881, 883 (Iowa 1989).

■ Iowa rule of Civil Procedure 69(a) governs our notice pleading requirements. Under Rule 69(a), a petition must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The petition need not allege ultimate facts that support the elements of the cause of action. However, the petition must allege enough facts to give the defendant "fair notice" of the claim asserted so the defendant can adequately respond. *Schmidt v. Wilkinson,* 340 N.W.2d 282, 283 (Iowa 1983). A petition gives "fair notice" if it informs the defendant of the incident giving rise to the claim and of the claim's general nature. *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981).

■ We follow certain well-established principles in reviewing rulings dismissing a petition under Iowa Rule of Civil Procedure 104(b). We uphold such a dismissal only if we can conclude that no state of facts is conceivable under which a plaintiff might show a right of recovery. *Haugland v. Schmidt,* 349 N.W.2d 121, 123 (Iowa 1984) (citation omitted). In making this determination, we construe the petition in the light most favorable to the plaintiff. *Id.* All doubts are resolved in the plaintiff's favor, and the allegations of the petition are accepted as true. *Id.* Under notice pleading only a rare case will not survive a motion to dismiss for failure to state a claim upon which any relief can be granted. *American Nat'l Bank v. Sivers,* 387 N.W.2d 138, 140 (Iowa 1986) (per curiam).

■ In his motion to dismiss, Michael alleges that Pamela's petition fails to state a claim upon which relief can be granted. In support of this allegation Michael cites Iowa Code section 236.2(2) which defines domestic abuse as "committing assault as defined in section 708.1." The motion sets out Iowa Code section 708.1 which defines assault as

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

3. Intentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another.

Michael's motion takes the position that Pamela's petition falls short of alleging assault.

Iowa Code section 236.2(2) pertinently defines domestic abuse as

committing assault as defined in section 708.1 under . . . the following circumstances:

. . . .

b. The assault is between separated spouses or persons divorced from each other and not residing together at the time of the assault.

Iowa Code section 236.3 requires a person seeking relief from domestic abuse to file a verified petition in the district court. If the plaintiff is proceeding pro se, this provision requires the petition to state, among other things, the following:

1. Name of the plaintiff and the name and address of the plaintiff's attorney, if any. If the plaintiff is proceeding pro se, the petition shall state a mailing address for the plaintiff.

2. Name and address, if known, of the defendant.

3. Relationship of the plaintiff to the defendant.

4. Nature of the alleged domestic abuse.

5. Name and age of each child under eighteen whose welfare may be affected by the controversy.

6. Desired relief, including a request for temporary or emergency orders.

Iowa Code section 236.3A requires a pro se plaintiff seeking relief from domestic abuse to use standardized forms prescribed by the Iowa department of justice. This provision

also requires the department to distribute these forms to the clerks of the district courts, who in turn are required to furnish the forms to the pro se litigants.

As noted earlier, Pamela represented herself when she filed her petition. The petition is verified and is in standardized form as required by section 236.3A. The petition carries the caption, "Petition For Relief From Domestic Abuse."

In the appropriate spaces, Pamela indicated that (1) she and Michael were divorced, (2) they were not living together, and (3) Michael had threatened her and she feared for her safety. The form then asks the petitioner to "[d]escribe the most recent injury or threats, including when it happened, where it happened, and how you were hurt or threatened." In response to this question, Pamela stated:

*Defendant says he will get us, was told he'd kill us.* Defendant has come to home on visitation & been out of control—emotionally/verbally at times. Sat. A.M. I was called by Wayne Co. Sheriff's Dept., inquiring if I & my children were "O.K."— "Safe." Explained a little that Mike had come in there in not a good emotional state & that things were said & that he'd been admitted to Wayne Co. Hospital. Later was notified by a relative Officer B. Shelly came & spoke to 1 of my brothers & a friend of Mike his concern for our safety & that I needed to speak to Dr. Hoch. I did so, yesterday, as well as to Wayne Co. Sheriff's Dept. I told them of the threats & such & they were in agreement I needed to protect myself and my children until Mike chose to seek help. *Mike has been abusive to us* & has a very explosive temper & an immediate personality chang[e].

(Emphasis added.)

Another part of the form asks the petitioner to "[d]escribe any other injuries or threats you have received from the defendant." Pamela responded this way: "[w]hen married, he has *hit, shoved, shook* all of us. Made numerous threats to get us if we did or didn't do something." (Emphasis added.)

Pamela's petition certainly gives Michael "fair notice" of her claim for domestic abuse.

The petition is captioned "Petition For Relief From Domestic Abuse." She also informs him in the petition of the incidents giving rise to her claim—the threats, the abuse, the hitting, the shoving, and the shaking. Of course, all Pamela had to do was allege enough facts to make it conceivable that Michael had assaulted her. The allegations of threats, abuse, hitting, shoving, and shaking certainly do that and more. Taken together and accepted as true, these allegations establish an assault within the meaning of either section 708.1(1) (act intended to cause pain or injury or intended to result in physical contact coupled with apparent ability) or 708.1(2) (act intended to place another in fear of immediate physical contact coupled with apparent ability).

■ In his motion to dismiss, Michael apparently raises res judicata to any domestic abuse that happened before the divorce. Apparently, he was referring to Pamela's allegations of hitting, shoving, and shaking that she says occurred when they were married. From the face of the petition we have not even a hint that the district court addressed these actions in the dissolution proceedings. Moreover, a defense of res judicata cannot be raised by a motion to dismiss. *Bickford v. American Interins. Exch.*, 224 N.W.2d 450, 454 (Iowa 1974).

■ As Pamela correctly points out, Iowa Code chapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault. It is true—as she also points out—that an elapse of time between an alleged assault and the filing of the petition may have a bearing on what specific relief a court might grant. But such an issue would be a factual one that could not be the basis for a motion to dismiss. The issue would necessarily have to be resolved at a subsequent hearing.

This case again underscores our disapproval of rushing to judgment by way of a preanswer motion to dismiss. There is even more reason to disapprove of such a practice when the target of such a motion is a pro se petition for domestic abuse. An inartfully drawn petition hastily dismissed—as this one was—could leave the petitioner without any

protection from potential violence and resulting injury or possibly even death.

Because we conclude that Pamela's petition sufficiently states a claim for domestic abuse, we reverse the district court's order granting Michael's motion to dismiss. We remand for further proceedings.

**REVERSED AND REMANDED.**