# IN THE COURT OF APPEALS OF IOWA

No. 16-1653
Filed April 5, 2017

**IN THE INTEREST OF L.H.,**
**Minor child,**

**S.M., Mother,**
    Petitioner-Appellee,

**J.H., Father,**
    Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        Father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 600A (2015).  **AFFIRMED.**



        Jacob Van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant father.

        Ryan A. Genest of Culp, Doran & Genest, P.L.C., Des Moines, for appellee mother.

        Jesse A. Macro Jr. of Macro & Kozlowski, L.L.P., West Des Moines, guardian ad litem for minor child.

        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This appeal arises out of a private action to terminate parental rights filed pursuant to Iowa Code chapter 600A (2015). Sarah, the biological mother of L.H., filed the action to terminate the parental rights of Johnathon, the biological father of L.H. The district court granted the petition, finding and concluding the father had abandoned the child within the meaning of Iowa Code section 600A.8(3). The father timely filed this appeal.

This court reviews de novo termination-of-parental-rights proceedings. *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). "Although our review is de novo, we do afford the decision of the district court deference for policy reasons." *State v. Snow*, No. 15-0929, 2016 WL 4801353, at *1 (Iowa Ct. App. Sept. 14, 2016).

The petitioner must prove each element of her case by clear and convincing evidence. *See* Iowa Code § 600A.8. The code provides a minor child is abandoned when:

> [A] parent, punitive father, custodian, or guardian rejects the duties imposed by the parent-child relationship, guardianship, or custodianship, which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

Iowa Code § 600A.2(19). More specifically, because L.H. was older than six months at the time of the termination hearing, section 600A.3(8)(b) provides:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:

(1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
(2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
(3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The petitioner need not establish the respondent had the subjective intent to abandon the child. *See* Iowa Code § 600A.8(3)(c). Instead, the petitioner can establish objective intent by showing the respondent failed to partake in "affirmative parenting to the extent it is practical and feasible in the circumstances." *In re Goettsche*, 311 N.W.2d 104, 106 (Iowa 1981);

The father first raises a procedural issue. He claims he was not provided sufficient notice because the petition failed to identify the specific code provision or provisions pursuant to which the mother sought termination of his parental rights. The claim is without merit. The petition is captioned "Petition for Termination of Parental Rights." Paragraph four of the petition states that "[t]he parent/child relationship now existing between the above-named child and her biological father should be terminated." Paragraph four, subparagraphs (a) and (b) explicitly state termination was sought on the grounds of consent and abandonment. The father was served with the petition. The petition was sufficiently clear to provide the father with notice. *See Smith v. Smith*, 513 N.W.2d 728, 730 (Iowa 1994) (stating "petition must allege enough facts to give defendant 'fair notice' of claim").

The father's procedural claim fails for an additional reason. He had actual notice of the grounds upon which the mother sought to terminate his parental rights. She sought to terminate his parental rights on the ground he abandoned the child within the meaning of chapter 600A. On the eve of trial, the father filed a trial brief arguing the evidence would not be sufficient to establish abandonment within the meaning of chapter 600A. He cited and argued the relevant code provisions. His actual knowledge of the grounds upon which termination was sought defeats his claim of insufficient notice. *See In re R.E.,* 462 N.W.2d 723, 726 (Iowa Ct. App. 1990) (holding "notice to an attorney in respect to a matter in which he is then acting for a client is notice to the client").

On the merits, the father argues the mother failed to prove he abandoned the child. We disagree. The parties began dating in February of 2012. L.H. was born in May 2013. The parties cohabited for a period of time after L.H.'s birth. During the time the parties cohabited, the father demonstrated little interest in the child, preferring to play video games. The relationship deteriorated, and the mother asked the father to move out. L.H. was fourteen or fifteen months old at the time. After he moved out of the parties' residence, the father initially provided financial support for the child and exercised some visitation with the child. By 2015, however, the father discontinued substantial and continuous contact with the child. The record reflects he stopped making any support payments in July 2015. The record also reflects the father had only three visits with the child during 2015 and none after July 2015. Each of the three visits was of short duration, lasting only minutes to an hour. The mother did admit she did not permit the father to visit with the child on one occasion when he asked in

December 2015 due to her concern regarding the welfare of L.H. having visitation with a virtual stranger. Like the district court, we find this single denial of visitation does not overshadow the preceding year, a year in which the father made little to no attempt to communicate or visit with L.H. We conclude there was clear and convincing evidence the father abandoned the child due to the father's failure to visit the "child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child." Iowa Code § 600A.8(3)(b).

When the statutory ground or grounds authorizing the termination of parental rights is satisfied, the petitioner must still prove termination of parental rights is in the best interest of the child. *See* Iowa Code § 600A.1; *In re R.K.B.,* 572 N.W.2d 600, 602 (Iowa 1998). On de novo review, we conclude termination of the father's parental rights is in the best interest of the child. The father has not demonstrated any sustained interest in the child. The child does not recognize her father. The guardian ad litem concluded it was in L.H.'s best interest to terminate the father's parental rights to avoid a "yo-yo" effect based on past performance. The father's indifferent attitude toward the child is evidenced by, among other things, the father's failure to appear at the termination hearing. The child is thriving in her present circumstances. The mother cohabits with her fiancé, Michael. Michael has served as the child's de facto father since the time of the parties' separation. Michael intends to adopt L.H. The child recognizes Michael as her "dad or daddy." The mother provided photographs of L.H. with Michael partaking in bonding tasks such as pumpkin carving and assembling puzzles together. The mother also provided photos of L.H. with her extended

family to demonstrate her network of support. It is in the best interest of the child to terminate the father's parental rights.

The father relies on *In re K.W.*, No.14-2115, 2015 WL 6508910, at *4–5 (Iowa Ct. App. Oct. 28 2015), to support his contention that small gestures to sustain a relationship with a child are enough to show that termination of parental rights is not in the child's best interests. We disagree with the proposition, generally, that sending a few messages per year to the child is in the best interest of the child. Regardless, the father's relationship with L.H. is materially different than the parental relationship in *K.W.* Unlike the child in that case, L.H. is unaware of her father. We conclude *K.W.* is distinguishable from the present case and does not militate in favor of preserving the parent-child relationship in this case.

The mother requests appellate attorney fees. She does not identify the statutory authority authorizing an award of appellate attorney fees in a private termination proceeding. We deny her request for attorney fees. *See In re A.F.*, No. 16-0650, 2016 WL 6652390, at *5 (Iowa Ct. App. Nov. 9, 2016) (denying request for appellate attorney fees in private termination proceeding).

**AFFIRMED.**