# IN THE COURT OF APPEALS OF IOWA

No. 17-0039
Filed December 6, 2017


**AGNIESZKA KATARZYNA MARCINOWICZ,**
Plaintiff-Appellee,

**vs.**

**RAMON FLICK,**
Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Donna L. Paulsen, Judge.


An ex-husband challenges a civil order of protection issued at the request of his ex-wife.  **AFFIRMED.**



Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Jeffrey J. Cook of Patterson Law Firm, L.L.P., Des Moines, for appellee.


Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Ramon Flick appeals the domestic-abuse protective order prohibiting contact between Flick and his former spouse, Agnieszka Katarzyna Marcinowicz. He asserts the district court's findings were not supported by substantial evidence because Marcinowicz did not allege "a current act qualifying as an assault."

We find substantial evidence to support the district court's findings. We affirm the grant of the protective order for three reasons: (1) Iowa Code chapter 236 (2016) has no provision requiring a petition to be filed within a specific time after an alleged assault, (2) Flick has a history of assaulting and intimidating Marcinowicz, and (3) she sought to extend protection promptly after the dismissal of a criminal no-contact order.

## I.      Facts and Prior Proceedings

Flick and Marcinowicz married in December 2006 and had two children together. The children were born in 2007 and 2011. Marcinowicz filed for divorce in February 2013 and initially sought a protective order, citing past instances of domestic abuse. She voluntarily dismissed her petition for the protective order on February 15, 2013, after reaching an agreement through counsel prohibiting Flick from contacting her.

In February and March of 2015, Flick violated this agreement by acting aggressively at their children's extracurricular activities. Marcinowicz testified Flick came to their older daughter's dance studio, "pushed" Marcinowicz, and "ripped" their younger child from her arms. He then followed Marcinowicz around the studio—making lewd comments and trying to intimidate her. Marcinowicz also

testified to Flick behaving similarly at a gymnastics event the next month before she called the police.

The State filed criminal charges against Flick in February 2016, contending he assaulted Marcinowicz in early 2015, as well as alleging he stalked her by hiding a recording device inside a children's toy, placing a tracker on Marcinowicz's car, and monitoring her email. As part of the criminal case, the district court issued a no-contact order prohibiting Flick from interacting with Marcinowicz.

The two officially divorced in April 2016. The divorce took roughly three years from petition to decree. In the decree, the district court noted Flick had "demonstrated many of the classic signs of a domestic abuser." The court found Flick assaulted Marcinowicz on multiple occasions during the marriage. The court placed sole legal custody and sole physical care of the children with Marcinowicz. The court allowed Flick only supervised visitation. Flick appealed the custody and property provisions; our court affirmed the decree. *In re Marriage of Marcinowicz-Flick and Flick*, No. 16-0944, 2017 WL 936160 (Iowa Ct. App. Mar. 8, 2017).

In November 2016, Flick stood trial for stalking Marcinowicz. A jury found Flick not guilty, resulting in rescission of the criminal no-contact order. Following the advice of the prosecutor, the next day Marcinowicz sought a civil protective order under chapter 236. The district court issued a temporary order on November 30. Flick sought to dismiss the protective order.

On December 13, 2016, the district court held a hearing on Flick's motion to dismiss. Marcinowicz testified she feared Flick would threaten and intimidate her after the criminal no-contact order was lifted. She cited Flick's physical confrontations with her at events for their daughters in early 2015 as the most

recent bases for her fears. She explained she did not previously seek a civil protective order because other agreements or orders had prohibited Flick from contacting her. Flick was not present at the hearing but appeared by counsel. His counsel did not contest Marcinowicz's statements but instead focused on the time that had elapsed since the 2015 incidents to suggest Flick no longer posed a credible threat to Marcinowicz.

At the conclusion of the hearing, the district court decided "the parties do qualify for a civil protective order by means of a relationship in that they have children together and they were married and had an intimate relationship." The court continued:

> The second issue is whether there's been any domestic abuse and whether there's a current legitimate concern for safety. Normally, the fact that the incidents of assault were so long ago would lead the court to decline the request. However, this is a very unusual case with unusual facts. And given the history between the parties and the timing, in terms of not filing for this protective order, a civil protective order, because there was the criminal protective order already in place and after the criminal case was dismissed, the petitioner feeling the need for a civil protective order, I am going to grant the protective order.

The district court's final order, issued December 13, 2016, directed Flick to "stay away" from Marcinowicz and not be in her presence except during court proceedings. The protective order also restricted him from communicating with her through any means, including third parties. The restriction on communication did not apply to legal counsel. Flick now appeals.

## II.    Legal Standards and Scope of Review

To obtain a protective order, the petitioner, here Marcinowicz, must prove her allegation of domestic abuse by a preponderance of the evidence.  *See* Iowa Code § 236.4(1).  A preponderance of the evidence is "the lowest degree of proof upon which issues of fact are determined."  *State v. Beasley*, 50 N.W. 570, 571 (Iowa 1891).  The quantity of evidence required of a party having the burden of proof in a civil action is "no more than will outweigh the evidence of the other side."  *Hall v. Wright*, 156 N.W.2d 661, 667 (Iowa 1968).

Because chapter 236 proceedings are tried in equity, our review is de novo. *See Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994).  We adjudicate anew issues properly preserved and presented for appellate review.  *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001).  But we give weight to the district court's credibility findings.  *Id.*  Because "chapter 236 is protective rather than punitive in nature," we employ "a reasonable or liberal construction which will best effect its purpose."  *Christenson v. Christenson*, 472 N.W.2d 279, 280 (Iowa 1991).

## III.    Analysis

Flick contends the civil protective order is invalid because Marcinowicz did not offer substantial evidence to support a finding of domestic abuse.[1]  Flick sets out the definitions of assault.[2]  But he does not, indeed cannot, argue his actions

---

[1] Domestic abuse means committing an assault, as defined in section 708.1, while in a specified relationship with the other person.  *See* Iowa Code § 236.2.  Flick does not challenge the existence of a qualifying relationship.

[2] Under Iowa Code § 708.1(2):

> A person commits assault when, without justification the person does the following:
>
>     a.  Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or

in February and March of 2015 fall outside those definitions. Instead he argues those events were too remote to merit issuance of a protective order.

The remoteness argument is not persuasive in this case. "Iowa Code chapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault." *Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994). The district court may consider a lapse in time when deciding what relief is appropriate, but no hardline cutoff exists for conduct worthy of consideration. *Id.*

In Flick's case, the lapse of time since the last assault did not suggest the confrontations in February and March of 2015 were isolated incidents or that Marcinowicz no longer had reason to fear contact with him. The record shows Flick repeatedly engaged in violent and controlling behavior against Marcinowicz during their marriage. Since February 2013, when Marcinowicz filed for divorce, Flick has been prohibited from contacting her, initially by agreement through counsel and later by a criminal no-contact order. Her request for a civil protective order in November 2016 was not a delayed reaction to Flick's assaultive behavior more than a year earlier. Rather, it signaled her diligent effort to extend the protection afforded by the earlier bars to his contact with her. *See generally Clark v. Pauk*, No. 14-0575, 2014 WL 6682397, at *4 (Iowa Ct. App. Nov. 26, 2014) (noting a petitioner is not required to allege new assaults when seeking an extension to an existing protective order).

---

offensive to another, coupled with the apparent ability to execute the act.

b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Given Flick's troubling history of abusing Marcinowicz and the recent lifting of the criminal no-contact order, we defer to the district court's credibility finding that Flick represents a credible threat to Marcinowicz's physical safety and a protective order is necessary.

Marcinowicz seeks appellate attorney fees. We have discretion to make such an award. Iowa Code § 236.5(4); *see Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (holding statute allowing award of trial attorney fees permits an award of appellate attorney fees as well). Based on Flick's history of prolonging litigation for the purpose of financially harming Marcinowicz and the merits of both parties' positions on appeal, we award Marcinowicz $1000 in appellate attorney fees.

Costs on appeal are taxed to Flick.

**AFFIRMED.**