# IN THE COURT OF APPEALS OF IOWA

No. 20-0281
Filed January 21, 2021

**CHANTELL SHORES-IRVIN,**
　　　Plaintiff-Appellee,

**vs.**

**TRAVIS E. IRVIN,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Dallas County, Thomas P. Murphy,

Judge.


　　　Travis Irvin appeals the imposition of a final domestic-abuse protective

order.　**AFFIRMED.**



　　　Jacob van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines,

for appellant.

　　　Misheal Waller, Woodward, for appellee.



　　　Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Travis Irvin appeals the imposition of a final domestic-abuse protective order pursuant to the Domestic Abuse Act, Iowa Code chapter 236 (2019). We affirm the issuance of the order.

## I. Background Facts & Proceedings

Travis and Chantell Shores-Irvin married in 2004 and resided together until December 2019 with seven minor children. In December 2019, Chantell left Travis, and on December 30, filed a petition for relief from domestic abuse under Iowa Code chapter 236. A temporary protective order was entered on December 31, granting Chantell temporary possession of the marital home and temporary custody of the children. The petition, which Chantell filled out without assistance from counsel, stated Travis was "continually threatening me that he will make my life hell" and asserted past assaults. Specific past incidents listed included a threat to kill her in 2008, a false criminal complaint in 2012, and sexual assaults.

Travis filed a motion to dismiss claiming the petition was too vague to give fair notice of Chantell's allegations. He also asserted a statute of limitations bar on any incidents occurring more than five years earlier.

On January 14, 2020, the district court held a hearing on the question of a permanent protective order. Both Chantell and Travis testified.

During her testimony, Chantell described relatively recent threats—that six to eight months earlier Travis had commented that "pig farms make people disappear," and he repeatedly told her he had friends that "can make people disappear." She described Travis's threatening behavior on prior occasions when

she tried to leave him, including the 2008 and 2012 incidents described in her petition, and multiple non-consensual sexual relations between 2013 and 2017.

In his testimony, Travis denied sexually assaulting Chantell and stated he did not know what incidents she was talking about. He did not address remaining allegations, including recent threats.

The district court found by a preponderance of the evidence that an assault occurred. The court specifically judged witness credibility and stated, "I did not find Ms. Shores-Irvin to be incredible." The court then discussed corroboration requirements and the seriousness of the situation. The court entered the civil protective order.

Travis raises two issues on appeal. First, he claims insufficient notice, stating most claims in the petition for relief from domestic abuse were too vague in regards to when and where and lacking in identification of specific incidents for him to have the chance to formulate a meaningful defense. His second claim is that the two specific allegations provided were barred by the statute of limitations.

## II. Standard of Review

Domestic-abuse proceedings are heard in equity. *See Conklin v. Conklin*, 586 N.W.2d 703, 705 (Iowa 1998). We review equity cases de novo. Iowa R. App. P. 6.907. Because domestic-abuse proceedings are civil, not criminal, the plaintiff "needs to prove the occurrence of domestic abuse by a preponderance of the evidence." *Wilker v. Wilker*, 630 N.W.2d 590, 596 (Iowa 2001).

## III. Analysis

"[T]he domestic abuse chapter is meant to be protective rather than punitive in nature . . . and is given a reasonable or liberal construction which will best effect

its purpose rather than one which will defeat it." *Id.* (citations omitted) (internal alteration and quotation marks omitted). "Domestic abuse" occurs when (1) the defendant commits an assault as defined in section 708.1 against the plaintiff; and (2) the defendant and plaintiff are in one of the relationships identified in section 236.2. Iowa Code § 236.2(2); *see also id.* § 236.5 (providing for disposition "[u]pon a finding that the defendant has engaged in domestic abuse"). "[A] finding of assault is a prerequisite to any relief afforded under chapter 236." *Huntley v. Bacon*, No. 16-0044, 2016 WL 3271874, at *3 (Iowa Ct. App. June 15, 2016).

**Notice.** A petition for relief from domestic abuse need only state "the nature of the alleged abuse" to provide sufficient notice. *See* Iowa Code § 236.3(1)(e); *see also Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994) ("Section 236.3[(1)(e)] requires a [plaintiff] to state the nature of the alleged abuse. The term 'nature' is defined as 'a kind or class usually distinguished by fundamental or essential characteristics.'" (citation omitted)). If the plaintiff has provided notice of the nature of the abuse, it does not offend due process if the plaintiff's case is "based, in part, on conduct and events not stated in the pleading." *Wilker*, 630 N.W.2d at 596.

Chantell specifically stated in her petition that Travis committed sexual assault after she had said "No." She testified that multiple times over a period of four years she "would get woke up to him just doing what he wanted," and he forced relations without her consent. We find Chantell's petition gave Travis sufficient notice of the nature of the domestic abuse alleged.

**Statute of limitations.** "[C]hapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault." *Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994). The lapse of time between an alleged assault

and filing a petition may affect the relief granted. *Id.* The time between the alleged assault and the filing of the petition "would be a factual [issue] that could not be the basis for a motion to dismiss." *Id.*

Even if the only assaults alleged and found by the court had been the 2008 and 2012 incidents, it would have only affected the relief granted. However, the previous assaults gave context to the parties' volatile relationship and the fear felt by Chantell, but they are not the assault underlying the court's decision. The court found Chantell's testimony, which indicated sexual assaults from 2013 to 2017 and threats well into 2019 to be credible. The court specifically mentioned the sexual assaults when finding by a preponderance of the evidence that an assault occurred. The statute of limitations argued by Travis does not apply to the assault underlying the protective order.

We affirm the issuance of the protective order.

**IV. Attorney Fees.**

Chantell requests $500 in appellate attorney fees. Iowa Code section 236.5(4) specifically provides the court may order attorney fees. *See Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 419 (Iowa 1997) (ordering appellate attorney fees under chapter 236). Travis is ordered to pay $500 towards Chantell's appellate attorney fees. Costs are taxed to Travis.

**AFFIRMED.**