# IN THE COURT OF APPEALS OF IOWA

No. 20-0047
Filed February 17, 2021

**JUDY LYNN NEUMEYER,**
    Plaintiff-Appellee,

**vs.**

**LAUREL E. NEUMEYER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.


Laurel Neumeyer appeals the entry of a final domestic abuse protective order under Iowa Code chapter 236 (2019). **AFFIRMED.**


Espnola F. Cartmill of Belin McCormick, P.C., Des Moines, for appellant.

Judy Neumeyer, West Des Moines, self-represented appellee.


Considered by Bower, C.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

Laurel Neumeyer appeals the entry of a final domestic abuse protective order under Iowa Code chapter 236 (2019), which her estranged wife, Judy, petitioned for in November 2019. The district court may enter a protective order under this chapter if the plaintiff proves by a preponderance of the evidence that the defendant has engaged in domestic abuse. *See* Iowa Code §§ 236.4(1), .5(1). Chapter 236 defines "domestic abuse" as an assault between persons in a domestic relationship. *See id.* § 236.2(2). An assault occurs when a person, while having the apparent ability to do so, commits an act intended either (1) to cause pain, injury, insult, or offense to another or (2) to place another in fear of contact that will cause pain, injury, insult, or offense. *See id.* § 708.1(2)(a), (b).

Laurel contends there is insufficient evidence that she engaged in domestic abuse because Judy failed to prove she intended to cause pain or injury or that she had the immediate ability to execute an assault. We review these claims de novo. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001).

Judy's petition for a protective order lists over one dozen incidents she alleges occurred in 2018 and 2019. The two most recent acts involved Laurel saying, "You don't know what I can do," which Judy interpreted as a threat, and Laurel threatening suicide. Laurel argues that even if believed, these incidents do not meet the definition of assault. We agree. But the court was not limited to the most recent incidents in determining whether domestic abuse occurred. *See Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994) ("Iowa Code chapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault."). Although "an elapse of time between an alleged assault and the filing

of the petition may have a bearing on what specific relief a court might grant," *id.*, "no hardline cutoff exists for conduct worthy of consideration," *Marcinowicz v. Flick*, No. 17-0039, 2017 WL 6039997, at *3 (Iowa Ct. App. Dec. 6, 2017) (affirming issuance of protective order requested in November 2016 based on assaults in February and March 2015 where record showed the defendant "repeatedly engaged in violent and controlling behavior" during the marriage).

At least two incidents Judy alleged in the petition qualify as domestic abuse: (1) an incident in August 2018 where Laurel shoved her against a wall, causing her to fall and bruise her thigh and (2) an incident in September 2018 where Laurel pinched and twisted her nipple, causing cellulitis "that lasted for weeks." Because Laurel committed acts that caused injury to Judy, Judy met her burden of proving Laurel engaged in domestic abuse. The petition also lists many more recent incidents, including some in the weeks before Judy filed the petition, which the district court categorized as Laurel acting "in an intimidating fashion." The two incidents of domestic abuse along with the continuing intimidation warrant a protective order. We therefore affirm the entry of the protective order under chapter 236.

**AFFIRMED.**