# IN THE COURT OF APPEALS OF IOWA

No. 21-1077
Filed June 15, 2022

**ELIZABETH ASHLEIGH COZAD-CALHOUN,**
        Plaintiff-Appellee,

**vs.**

**RYAN PAUL MAHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


        Ryan Maher appeals the entry of a final domestic abuse protective order.

**REVERSED AND REMANDED**.


        Ryan Maher, Johnston, self-represented appellant.

        Ande Skinner of Ramsey Law P.L.C., West Des Moines, for appellee.


        Heard by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Elizabeth Cozad-Calhoun and Ryan Maher divorced in early 2018.  Later that year, Elizabeth obtained a final domestic abuse protective order against Ryan pursuant to Iowa Code chapter 236 (2018).  As the one-year expiration date of the protective order neared, Elizabeth requested a one-year extension.  The district court granted the extension, setting the new expiration date as February 13, 2021.  On February 16, 2021, Elizabeth's then-counsel filed a motion to extend the protective order for one additional year.  Following a hearing on the motion to extend, the court denied the motion as untimely.

Immediately following the hearing resulting in denial of her request to extend the protective order in the first case, Elizabeth initiated a second action seeking relief from domestic abuse under chapter 236 (2021).  In the petition she filed to start this second action, Elizabeth alleged no new acts of domestic abuse, but she did allege "[o]ngoing, threatening to send out harassing information, see prior case."  The district court issued a temporary protective order.  After the temporary protective order was issued, but before Ryan was served with it, Ryan made contact with Elizabeth in the early morning hours by "tagging" her in a social media post.  Elizabeth was awakened by a notification that she had been tagged in the post.  The post was a video of Ryan drinking alcohol, captioned: "Getting faded while I celebrate my victory in court.  Remember, you are your best advocate. #byefelicia #onceacheateralwaysacheater #fuckcancer."  After receiving the notification, Elizabeth contacted police, expressing fear of Ryan.

Following a hearing on Elizabeth's petition in the second proceeding, the district court issued a final domestic abuse protective order against Ryan, giving the following reasoning:

> Based on the evidence that I have before me, which includes the exhibits that were admitted into evidence, [the court file for the original protective order], which I took judicial notice of, as well as the present case, the [c]ourt finds that the respondent has committed a domestic abuse assault against the protected party. I do not believe that a new incident has to occur since the last order was entered. I think he continues to present a credible threat to the physical safety of the protective party, and so I'm entering a final protective order here.

Ryan filed a motion to reconsider, enlarge, or amend, which Elizabeth resisted. The court denied Ryan's motion, finding, "[Ryan]'s motion to reconsider is denied. The motion to enlarge is granted to the extent that the [c]ourt notes that [Ryan] was previously adjudicated to have committed a domestic abuse assault against [Elizabeth]; that finding constitutes res judicata." Ryan appeals.

## I. Standard of Review

The parties disagree regarding the standard of review.

> Ordinarily, civil-domestic-abuse proceedings are tried in equity, and our appellate review of equitable proceedings is de novo. We generally "consider and review a case in the same manner as the district court tried the case." When the "case was tried in the district court as a law action" and it "ruled on objections as they were made," our appellate review is for correction of errors at law. Though an important consideration, the district court's ruling on evidentiary objections alone does not determine whether the case was tried in law or equity. Where "the objections were minor and did not have a significant effect on the proceedings" and the "district court ultimately used its equitable powers to order specific performance and to issue an injunction," it may be concluded the case "was fully tried in equity."[1]

---

[1] *Wasmund v. Wasmund*, No. 14-1832, 2015 WL 2089714, *2 (Iowa Ct. App. May 6, 2015) (internal citations omitted).

The district court ruled on objections but very minimally excluded testimony, so we have a full record for review. Accordingly, we will review this matter de novo and give "[r]espectful consideration . . . to the trial court's factual findings and credibility determinations, but not to the extent where those holdings are binding upon us."[2]

## II. Analysis

This appeal presents the question whether a new domestic abuse protective order can be based on the same act of domestic abuse assault that formed the basis for a prior protective order that has expired. In essence, the question is whether a new act of domestic abuse assault must occur to issue a new protective order. We determine that it does.

Iowa Code chapter 236, known as the Domestic Abuse Act,[3] establishes the procedure for issuing a protective order to help protect the petitioning party from domestic abuse.[4] Under chapter 236, "domestic abuse" means committing assault as defined in section 708.1 under specified circumstances.[5] Those circumstances include those in which the assault is between persons divorced from each other,[6] which is the situation we have here. Upon proof domestic abuse occurred, the court is permitted to enter a protective order in favor of the petitioning party.[7] A protective order is limited in duration to one year, but it may be extended

---

[2] *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001).
[3] Iowa Code § 236.1.
[4] Iowa Code §§ 236.1, .2.
[5] Iowa Code § 236.2(2).
[6] Iowa Code § 236.2(2)(b).
[7] Iowa Code § 236.5(1)(b).

an unlimited number of times upon a showing that the defendant "continues to pose a threat to the safety of the victim."[8]

Here, Elizabeth had a protective order against Ryan, but her request to extend it was denied because it expired before she requested its extension. No appeal was taken from that ruling, and the propriety of the decision to deny the extension is not before us on this appeal. Instead, Elizabeth seeks to avoid the effect of that ruling by arguing that Ryan "continues to pose a threat," so she should be able to get a new protective order in spite of her inability to prove a new assault. The district court seems to have accepted this theory based on its findings that no new assault occurred but, as Ryan continues to pose a threat, no new assault is required.

We disagree with Elizabeth's theory—and, by extension, the district court's ruling—for two reasons. First, it ignores the time limitation the statute places on a protective order. Iowa Code section 236.5(2) allows a protective order to be in effect "for a fixed period of time not to exceed one year." While the same section permits unlimited extensions, it says nothing about renewing an expired protective order.[9] Keep in mind this appeal does not concern the question whether the requested extension of the prior order was proper. Instead, this case seeks the issuance of a whole new protective order based on the same previous assault, as the district court did not find Ryan assaulted Elizabeth any time after the issuance of the first order and the record does not support such a finding if it had been made. Allowing Elizabeth to use the assault that formed the basis for the prior order as a

---

[8] Iowa Code § 236.5(2).
[9] Iowa Code § 236.5(2).

basis for a new order would effectively make section 236.5(2)'s duration and extension provisions meaningless, as it would permit unlimited new protective orders following one assault. We do not interpret a statute in a way that renders any part of it superfluous.[10]

Second, our case law supports denying Elizabeth's requested relief. In particular, we find our court's decision in *Owens v. Owens*[11] to be on point and persuasive. In *Owens*, like here, the following sequence of events occurred:

(1)     The petitioning party successfully obtained a protective order under chapter 236 because she proved that the opposing party committed an assault;[12]

(2)     The petitioning party allowed the protective order to expire;[13]

(3)     The petitioning party sought to obtain a new protective order by filing a new petition for relief from domestic abuse under chapter 236;[14]

(4)     The party against whom the protective order was sought engaged in reprehensible behavior, none of which constituted another assault;[15]

---

[10] *Vroegh v. Iowa Dep't of Corr.*, 972 N.W.2d 686, 703 (Iowa 2022) ("No word should be ignored, and no provision should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

[11] No. 08-1374, 2009 WL 606590 (Iowa Ct. App. Mar. 11, 2009).

[12] *See Owens*, 2009 WL 606590, at *1 (referring to our court's decision on the appeal of the original protective order and noting that our court found substantial evidence that the enjoined party had "committed domestic abuse" because he had engaged in conduct constituting an assault).

[13] *See Owens*, 2009 WL 606590, at *1 (noting that the original protective order expired and the protected party did not seek an extension of it). Of course, here, Elizabeth sought to extend the protective order, but she was unsuccessful because it had already expired, leaving her in the same legal position as the protected party in *Owens*.

[14] *See Owens*, 2009 WL 606590, at *1

[15] *See Owens*, 2009 WL 606590, at *1–3.

(5)     The petitioning party claimed ongoing fear based on the other party's reprehensible behavior;[16] and

(6)     The district court found no new assault, but determined that because domestic abuse had occurred in the past and "the behavior is continuing on the part of the [enjoined party]," the district court issued a new protective order.[17]

Based on this sequence of events, our court reversed the district court and vacated the protective order.[18]  In doing so, our court noted that a claim of fear, standing alone without an assault, does not support a claim under chapter 236.[19] Our court also noted that the other party's behavior may constitute a crime and may be a basis for other remedies, but a remedy under chapter 236 was not available.[20]  Our court concluded by noting that it was "unable to find evidence of an assault" that supported the district court's finding and subsequent issuance of a protective order.[21]  Given the fact that, earlier in the opinion, our court had detailed the enjoined party's actions and how they constituted an assault, the only way to interpret its later observation that it was "unable to find evidence of an assault" is to conclude it was referencing a new assault.

We agree with the reasoning in *Owens*, and we conclude that Elizabeth cannot use the assault that formed the basis for the original protective order as a basis for getting a new protective order when no subsequent assault occurred.  In other words, a protected party that uses "event A" (an assault) as a basis for

---

[16] *Owens*, 2009 WL 606590, at *3.
[17] *Owens*, 2009 WL 606590, at *3.
[18] *Owens*, 2009 WL 606590, at *3.
[19] *Owens*, 2009 WL 606590, at *3.
[20] *Owens*, 2009 WL 606590, at *3.
[21] *Owens*, 2009 WL 606590, at *3.

obtaining a protective order under chapter 236 and allows the protective order to expire cannot use "event A" as the sole basis for obtaining a new protective order.

Several clarifying points are worth noting. First, we are not saying that there is a time limit for when "event A" can be used as a basis for obtaining a protective order under chapter 236. Our case law is clear that there is no such time limit.[22] However, the fact that there is no time limit for when an assault can form the basis for original relief under chapter 236 does not mean that the same assault can be used in perpetuity to keep obtaining new protective orders. Second, we are not saying "event A" could not be considered in determining whether subsequent conduct constituted an assault. Our case law recognizes that prior acts of violence toward the same person may be relevant as to the accused's motive and intent.[23] But here, "event A" was not used to shed light on whether Ryan's subsequent actions constituted an assault. Instead, it was used as the sole basis for issuance of a new protective order, which we find impermissible. Third, like our court in *Owens*, our ruling does not preclude Elizabeth from seeking other forms of relief potentially available through criminal or civil proceedings in an effort to stop Ryan's reprehensible behavior; we simply hold that such relief is not available under chapter 236 on these facts.[24]

---

[22] *See, e.g.*, *Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994) ("Iowa Code chapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault.").

[23] *See, e.g.*, *State v. Taylor*, 689 N.W.2d 116, 128 (Iowa 2004) ("The defendant's prior acts of violence toward his wife, while certainly illustrative of a propensity to use violence, also reflect his emotional relationship with his wife, which . . . is a circumstance relevant to his motive and intent on the day in question.").

[24] *See Owens*, 2009 WL 606590, at *3 ("[W]e agree with the trial court that [the enjoined party]'s behavior . . . is 'reprehensible.' Remedies for such conduct may be available; however, they do not find their bases in chapter 236.").

As the original protective order expired, no appeal was taken from the denial of the request to extend the original protective order, and Elizabeth did not establish an independent basis for a new protective order, we reverse the district court's decision, vacate the protective order, and remand for dismissal of Elizabeth's petition.

**REVERSED AND REMANDED.**